GERTRUDE F. ROSENBLUM, Appellant, *v.* MANUFACTURERS TRUST COMPANY, Individually and as Executor and Trustee of JOSEPH I. ROSENBLUM, Deceased, et al., Respondents, Impleaded with Others.

(Argued January 15, 1936; decided March 3, 1936.)

*Joseph J. Corn* and *Arnold Le Bell* for appellant. Plaintiff is not a volunteer or the donee of an uncompleted gift, but is seeking to reclaim a property right which she already had, which is recognized by statute, and which was taken from her by mistake. (*Maurice* v. *Travelers Ins. Co.*, 121 Misc. Rep. 427; *Matter of Gershman* v. *Berliner*, 214 App. Div. 196; *Wagner* v. *Thieriot*, 203 App. Div. 757; 236 N. Y. 588; *Lawler* v. *National Life Assn.*, 83 Hun, 393; *Grems* v. *Traver*, 87 Misc. Rep. 644; 164 App. Div. 968.) Even if the wife's property right in the policies be considered as inchoate or subject to defeasance by act of her husband, that is a sufficient status entitling her to reclaim that property right if taken from her by mistake. (*Simar* v. *Canaday*, 53 N. Y. 298; *Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 474; *Scott* v. *Prudential Outfitting Co.*, 92 Misc. Rep. 195; *Matter of City of New York* [*Cropsey Ave.*], 244 App. Div. 188.) Having a property right of which she was deprived by mistake, plaintiff is entitled to a cancellation of the change of beneficiary induced by such mistake. (*Burt* v. *Burt*, 221 Penn. St. 171; *Matter of Clark*, 233 App. Div. 487;

*Lady Hood Case,* 1 Ch. Div. 476; *Moan* v. *Normile,* 37 App. Div. 614; *Mitchell* v. *Langley,* 143 Ga. 827; *Daugherty* v. *Daugherty,* 152 Ky. 732; *Sovereign Camp* v. *Feltman,* 147 So. Rep. 396; *Ellis* v. *Ellis,* 26 Times Law Rep. 166.)

*James S. Hays* and *Milton Kunen* for Manufacturers Trust Company, as executor and trustee, respondent. After the death of a donor an instrument of gift cannot be reformed nor rescinded for mistake unless the mistake appears on the face of the instrument. (*Union Trust Co.* v. *Boardman,* 215 App. Div. 73; 246 N. Y. 627; *Nelson* v. *McDonald,* 61 Hun, 406; *Ely* v. *Megie,* 219 N. Y. 112; *Smith* v. *Nat. Benefit Society,* 123 N. Y. 85; *Zies* v. *New York Life Ins. Co.,* 237 App. Div. 367; *Lyon* v. *Balthis,* 23 Ohio App. 506; *Patterson* v. *McClenathan,* 296 Ill. 475; *Fickes* v. *Baker,* 36 Cal. App. 129; *Tuthill* v. *Katz,* 174 Mich. 217; *Shears* v. *Westover,* 110 Mich. 505; *Johnson* v. *Austin,* 86 Ark. 446; *Miller* v. *Beardslee,* 175 Mich. 414; *Wiley* v. *Hodge,* 104 Wis. 81; *Stanforth* v. *Bailey,* 344 Ill. 38; *Henry* v. *Henry,* 215 Ill. 205; *Triesback* v. *Tyler,* 62 Fla. 580; *Smith* v. *Smith,* 80 Ark. 458.) Plaintiff, the original beneficiary of life insurance policies, has no cause of action personally to rescind the change of beneficiary executed by the donor under a policy wherein the donor reserved to himself the right to change the beneficiary. (*Pennsylvania Oil Products Refining Co.* v. *Willrock Producing Co.,* 267 N. Y. 427; *Insurance Co.* v. *Park & Pollard Co.,* 190 App. Div. 388; 229 N. Y. 631; *Kalnitzky* v. *Golden,* 205 App. Div. 45; *Joannes Bros. Co.* v. *Lamborn,* 199 App. Div. 588; *Seager* v. *Tholens,* 182 App. Div. 317; *Guilfoyle* v. *Pierce,* 125 App. Div. 504; 196 N. Y. 499; *Eltonhead* v. *Travelers Ins. Co.,* 177 App. Div. 170; *Smith* v. *Nat. Benefit Society,* 123 N. Y. 85; *Zies* v. *New York Life Ins. Co.,* 237 App. Div. 367; *Young* v. *Young,* 80 N. Y. 422.) Plaintiff is in no better position than a volunteer. Even if relief were granted to alter the present status of the gift, plaintiff will be entitled to

no relief. (*Ely* v. *Megie,* 219 N. Y. 112.) There is no relief of partial rescission. (*Friedman* v. *Richman,* 213 App. Div. 467; 241 N. Y. 576; *Slater* v. *Slater,* 208 App. Div. 567; 240 N. Y. 557.) The courts prefer reformation to rescission. If relief is possible it should be reformation in favor of the third child and not rescission in favor of the plaintiff. (*Bindseil* v. *Federal Union Surety Co.,* 130 App. Div. 775; *Parker* v. *Allen,* 14 N. Y. Supp. 265; *Davy* v. *Davy,* 98 App. Div. 630; *Schelling* v. *Bischoff,* 18 N. Y. Supp. 859; *Matteson* v. *Jonnston,* 139 App. Div. 859.)

*Sidney R. Fleisher* as guardian *ad litem* for Edward Rosenblum et al., infants, respondents. No right of action rests in the plaintiff as ex-beneficiary under the policies. (*Smith* v. *Nat. Benefit Society,* 123 N. Y. 85; *Thomas* v. *Thomas,* 131 N. Y. 205; *Raymond* v. *Supreme Lodge,* 85 Misc. Rep. 141; *Zies* v. *New York Life Ins. Co.,* 237 App. Div. 367; *Schoenholz* v. *New York Life Ins. Co.,* 192 App. Div. 563; *Union Trust Co.* v. *Boardman,* 215 App. Div. 73; 246 N. Y. 627.) The appellant never had a property right. (*Carpenter* v. *Knapp,* 101 Iowa, 72; *Mutual Benefit Life Ins. Co.* v. *Swett,* 222 Fed. Rep. 200; *Matter of Hogan,* 194 Fed. Rep. 846; *Matter of Hammer,* 102 Misc. Rep. 193; *Supreme Council* v. *Gehrenbeck,* 124 Cal. 43; *Ptacek* v. *Pisa,* 231 Ill. 522; *Slocum* v. *Northwestern Mut. Ins. Co.,* 135 Wis. 288; *Mutual Relief* v. *Ray,* 173 Ark. 9; *Matter of White,* 174 Fed. Rep. 333; *Sabin* v. *Phinney,* 134 N. Y. 423; *Matter of Hammer,* 101 Misc. Rep. 351; *Eltonhead* v. *Travelers Ins. Co.,* 177 App. Div. 170; *Barbour* v. *Equitable Life Assur. Society,* 174 App. Div. 759; *Cavagnaro* v. *Thompson,* 78 Misc. Rep. 687; *Matter of Samuels,* 254 Fed. Rep. 775; *Matter of Greenberg,* 271 Fed. Rep. 258; *Matter of Hogan,* 194 Fed. Rep. 846; *Reinhardt* v. *Reinhardt,* 271 Ill. 287.) The appellant is a volunteer and is not a party or privy to the policies. (*Tidd* v. *McIntyre,* 116 App. Div. 602; *Insurance Co.* v. *Park & Pollard Co.,* 190 App. Div. 388;

*Kalnitzky* v. *Golden*, 205 App. Div. 45; *Joannes Bros.* v. *Lamborn*, 199 App. Div. 588; *Young* v. *Young*, 80 N. Y. 422.) The gift of the insurance proceeds must stand as made. (*Young* v. *Young*, 80 N. Y. 422; *Union Trust Co.* v. *Boardman*, 215 App. Div. 73; 246 N. Y. 627; *Farmers Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 477.)

O'BRIEN, J. Plaintiff was named as beneficiary in several policies of life insurance issued to her husband by the Mutual Life Insurance Company. He reserved the right to change the beneficiary and he did change from plaintiff to the Manufacturers Trust Company as trustee. After the husband's death, which occurred in December, 1932, this action was begun by the widow for the purpose of canceling the instruments by which the change of beneficiary was effected and for the purpose of obtaining a judgment decreeing that she is entitled to payment of the proceeds of the policies. The complaint alleges that the change of beneficiary was made under a mistake of fact by the husband. The questions before us are whether plaintiff has such an interest as enables her to maintain the action and whether, as a pleading, the complaint is otherwise sufficient.

As long as plaintiff remained the named beneficiary in the policies, she was in possession of a property right in the subject-matter of this litigation. Her interest in the policies was not vested in the sense that her right could not be divested, but, until this right, subject as it was to defeasance, was taken from her with an intent based upon full comprehension of the consequences of the act, a property right of some description continued to reside in her. (*Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154, decided herewith.) She is, therefore, more than a volunteer or a donee and upon proper allegations and substantial proof may maintain an action to cancel the instruments by which she alleges that she has been deprived of this property right.

The following allegations are set forth in the complaint: Plaintiff's husband was the father of two children by a former marriage and, within a year subsequent to his marriage with plaintiff and prior to the birth of a child to him and her, he executed a trust indenture dated February 13, 1929, to the predecessor of defendant Manufacturers Trust Company. By this agreement he made several policies of life insurance, aggregating $31,000 and policies of accident insurance amounting to $14,000, payable to the trustee for the benefit of his children " in being at the time of the execution of this agreement " · and provided for setting over additional policies. Two children only, the defendants Edward and Dorothy, were then in being. Prior to August 7, 1930, the husband took out additional policies in the amount of $30,000 and made them payable to plaintiff. On August 7, 1930, a child, Helene Myra, was born to him and plaintiff. Shortly after the birth of this child, plaintiff's husband substituted defendant trust company as beneficiary of the $30,000 policies in place of plaintiff. The complaint alleges that, in making this substitution, he acted under a misapprehension and mistake of fact, believing that the newly-born child, Helene Myra, was included in the benefits of the trust agreement *pro rata* with the two other children, Edward and Dorothy, and that he did not intend to remove and would not have removed plaintiff as beneficiary and substituted the trustee except under the misapprehension and mistake of fact that in so doing he was providing for the third child as fully as for the other children. The substance of the pleading is that, except for this mistake of fact, the intent to deprive plaintiff of her property right would not have existed and the attempted act of deprivation would not have occurred. The action is for cancellation of the change of beneficiary due to an alleged unilateral mistake of fact. It is not an action to reform the trust indenture.

The term " mistake " may be used to cover all kinds of mental error, however induced (3 Williston on the Law of

Contracts, § 1540), and equity can interfere in a suit for cancellation or rescission to prevent the enforcement of an unjust agreement induced by a unilateral mistake of fact. A mistake not mutual but only on one side may be ground for rescinding but not for reforming a contract. (*Smith* v. *Mackin*, 4 Lans. 41, 44, 45; *Moffett, Hodgkins & Clarke Co.* v. *Rochester*, 178 U. S. 373.)  If the erroneous transaction was such as to involve the act of the plaintiff only and the effect of the transaction would be the unjust enrichment of the defendant, the plaintiff is entitled to have the transaction rescinded, although he was the only party mistaken.   (Clark on Equity, § 372.)   If the intent of plaintiff's husband in changing the beneficiary was to place his three children on a plane of equality and if, through his misapprehension of fact concerning the terms of his trust agreement, he failed in his purpose, then defendants Edward and Dorothy were, by reason of such mistake of fact, unjustly enriched and their father would have been entitled to rescind his change of beneficiary and the wife, possessing a property right in the *res*, likewise may maintain this action.   The allegations of the complaint are sufficient.   Whether there is evidence of a quality necessary to support these allegations must be determined on the trial.   The pleading is not defective. On this appeal we decide no other issue.

The judgment of the Appellate Division should be reversed and the orders of the Special Term affirmed, with costs in the Appellate Division and in this court.

CRANE, Ch. J., HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur; LEHMAN, J., dissents.

Judgment accordingly.