CLAUDIA H. SILK, Plaintiff, *v.* CHARLES SILK and HARTON Co., INC., Defendants.

Supreme Court, Special Term, Kings County, January 7, 1937.

*Silver & Bernstein,* for the plaintiff.

*Walter D. Grant,* for the defendant Charles Silk.

*Sol I. Smithline,* for the defendant Harton Co., Inc.

MAY, J. Motion for judgment granted to the extent of dismissing plaintiff's first cause of action in conversion, inasmuch as it conclusively appears that plaintiff or her assignor never had possession or the right to possession of the fund alleged to have been converted.

The second cause of action can be sustained as one for injury to property providing the plaintiff had any property right or interest in the fund at the time of the acts complained of.

The creation of a " Totten " trust entitles the *cestui que trust* to such portion thereof as remains on deposit at the time of the death of the creator thereof. Prior thereto, of course, such creator may withdraw any or all of such fund, the theory being that during the lifetime of the creator of the trust the fund remains his to be withdrawn by him at will. But unless so withdrawn the trust becomes, at his death, irrevocable. If the withdrawal of moneys by the creator during his lifetime was without his knowledge and consent, was involuntary, and/or was the result of fraud or duress, such withdrawal would be considered a nullity and the moneys so withdrawn would be recoverable in an appropriate action by the creator during his lifetime or his legal representative after his death. When so recovered, they would again become part of the fund, impressed with the trust, and pass to the *cestui* when the trust became irrevocable as aforesaid. (*Matter of Rasmussen*, 147 Misc. 564.)

The question involved here is whether the *cestui* has a property interest in such fund sufficient to maintain an action such as this. In my opinion she has. (See, by analogy, *Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79, 83.) There the question presented was whether a wife named as beneficiary in policies of life insurance, with the right reserved by the insured to change the beneficiary, could maintain an action subsequent to the husband's death to set aside an instrument making such change of beneficiary executed by the husband during his lifetime on the ground that such change of beneficiary was made under a mistake of fact. The Court of Appeals held that she could, stating: " Her interest in the policies was not vested in the sense that her right could not be divested, but, until this right, subject as it was to defeasance, was taken from her with an intent based upon full comprehension of the consequences of the act, a property right of some description continued to reside in her. (*Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154, decided herewith.) "

The law will brush aside acts and the results thereof which are not voluntary and are procured by fraud or duress. It may be that defendant, upon trial, can disprove the truth of such charges, but, for the purposes of this motion, it must be deemed that the allegations of the complaint are true, and, being true, it follows that it never was the intention of the creator of the trust to withdraw moneys from the trust fund or to deprive the *cestui* of the benefits thereof.

In the sense adverted to in the *Rosenblum* case, the plaintiff " is, therefore, more than a volunteer or a donee and upon proper allegations and substantial proof may maintain an action to cancel the instruments by which she alleges she was deprived of the property right.",

Motion to dismiss is denied, therefore, as to the second cause of action. Settle order.