In the Matter of the Estate of RICHARD H. SHORTLE, Deceased.

Surrogate's Court, Kings County, March 29, 1954.

*Louis J. Castellano, Jr.,* for Mary E. Shortle, as administratrix of the estate of Richard H. Shortle, deceased, petitioner.

*Edward J. Connolly* for Cyril A. Shortle, respondent.

RUBENSTEIN, S. Petitioner seeks an order directing respondent to turn over to her as administratrix certain bank accounts in decedent's name in trust for respondent, that is, " Totten trusts." Respondent claims he is the owner of the accounts.

The first of the accounts was opened in 1921, three in 1930, and one in 1931. From the time of the opening of the first account until decedent's death in 1953, a total of thirty-two withdrawals were made from the five accounts. The funds deposited were those of the decedent who gave the books to respondent for safekeeping. Whenever a withdrawal was made, decedent would either get the bankbook from respondent and make the withdrawal or would execute a withdrawal slip and respondent would make the withdrawal for him, all withdrawals being for decedent's personal needs and expenses.

Petitioner concedes that Totten trusts such as these are tentative and become absolute on the depositor's death if not revoked by some decisive act or declaration of disaffirmance. The withdrawals, it is urged, constitute such a decisive act of disaffirmance and further that they show that decedent retained effective control of the trusts thereby making them unreal and fictitious. Attention is particularly directed to language employed in *Matter of Halpern* (303 N. Y. 33, 36), where, after describing the opening of the accounts there under consideration, DESMOND, J., said: " Decedent afterwards made several deposits in one of the accounts and one deposit in another, but made no withdrawals from any of them, and never in any way disaffirmed or revoked any of the trusts."

The rule of *Matter of Totten* (179 N. Y. 112, 126) was quoted in *Matter of Halpern* (*supra,* p. 38) as follows: " In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to *the balance on hand* at the death of the depositor." (Emphasis supplied.) In

the *Halpern* case that rule was applied in the absence of any proof that the transfers "intended only as a mask for the effective retention by the settlor of the property which in form he had conveyed", quoting from *Newman* v. *Dore* (275 N. Y. 371, 381).

Totten trust deposits " as a lawful and convenient method for the transmission of property " would be of little practical value if their efficacy were to be destroyed and they were considered unreal and colorable merely because the depositor made a withdrawal. For example, one of the accounts now in controversy was opened in 1930, and one withdrawal was made in 1944, about ten years before decedent's death. Under petitioner's theory, this one withdrawal in almost a quarter of a century makes the trust illusory and fictitious. This withdrawal without more, however, permits only the inference that decedent intended and effected a *pro tanto* revocation (*Matter of Prokaskey,* 109 N. Y. S. 2d 888; *Matter of Rasmussen,* 147 Misc. 564; *Silk* v. *Silk & Harton Co.,* 162 Misc. 773; 1 Scott on Trusts, § 58.4, p. 362; Restatement, Trusts, § 58). The withdrawals in the other accounts had a like effect.

*Murray* v. *Brooklyn Sav. Bank* (169 Misc. 1014, revd. 258 App. Div. 132), cited by petitioner, held that the presumption of an absolute trust yielded to the rights of the widow under section 18 of the Decedent Estate Law. Absent this right of the widow, the court expressed the opinion that the withdrawals made and other evidence were insufficient to overcome the presumption of an absolute trust and the beneficiaries "would be entitled to the bank balance due."

The evidence adduced is insufficient on this record to overcome the presumption that an absolute trust arose as to the balances on hand at decedent's death (*Matter of Halpern,* 303 N. Y. 33, *supra*). The proceeding is dismissed.

Submit order, on notice, accordingly.