■  TARLETON BUILDING CORP. et al., Respondents, v. SPIDER STAGING SALES COMPANY, Appellant.— Judgment entered May 13, 1966 and order entered May 9, 1966, granting plaintiffs' motion for summary judgment pursuant to CPLR 3212 in action to recover moneys paid under scaffolding equipment construction contract, unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant, the judgment vacated and the motion denied, with leave to plaintiffs to apply to Special Term for leave to serve an amended complaint, if so advised. Plaintiffs, on the present showing, have no viable cause of action for rescission. Plaintiffs would not have a right to rescind so long as the nature of the transaction, i.e., the installation of facilities integrated into and designed for a particular building, does not lend itself to a substantial restoration to the *status quo ante* of the breaching contractor. (Restatement, Contracts, § 349, incl. Comments; 17 Am. Jur. 2d, Contracts, § 512 *et seq.,* especially § 514; 10 N. Y. Jur., Contracts, §§ 433–434.) The rule as stated in *Callanan* v. *Keeseville, Ausable Chasm & Lake Champlain R. R. Co.* (199 N. Y. 268, 284–285, 286–287) is not otherwise. It was there observed that the equitable remedy of rescission was conditional and not available where there remained an adequate remedy at law. In this connection, defendant's discussion of rescission in sales of personal property and " unilateral rescission " is irrelevant. Of course, plaintiffs may be entitled to recover damages at law for the alleged two-year delay in obtaining official approval of the installation. Such damages, in a proper case, may include damages for the delay itself and the installation of substitute equipment. For this reason, plaintiffs are entitled to apply to Special Term for leave to serve an amended complaint to include a cause of action for damages, if so advised. In passing, it is observed that the affidavits on both sides were deficient in setting forth evidentiary facts, as distinguished from bald conclusions, to establish either the operability or the inoperability of the equipment installed by defendant. Concur — Breitel, J. P., McNally, Stevens and Capozzoli, JJ.

■  FUND OF FUNDS, LIMITED, et al., Respondents, v. WADDELL & REED, INC. et al., Appellants.— Order entered June 8, 1966, denying defendants' motion for a protective order and related relief unanimously reversed on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to the appellants, and motion granted. The time of defendants to answer or move against the complaint was extended by stipulation. Prior to the expiration of such time defendants moved to make the complaint more definite (CPLR 3024). During the pendency of that motion plaintiffs served notices to examine the respective defendants. We conclude that defendants' motion to vacate the notices to examine should have been granted. (Cf. *Williams* v. *Weissberg Corp.,* 24 A D 2d 940.) It is true that here the notices to examine were served after the expiration of the extended date of the time of defendants to answer and that a motion to make a pleading more definite (CPLR 3024) does not automatically stay disclosure proceedings as is the case as to those motions specified in CPLR 3214, subd. (b). However, under CPLR 3024, subd. (c) the time to serve a responsive pleading is extended to 10 days after the service of a copy of an order denying a motion under CPLR 3024. The considerations which prompted the decision in *Williams* v. *Weissberg Corp.* (*supra*) where this court held that " the 20-day provision is the equivalent of the time to answer " would equally apply in the instant case. The 10-day extension granted by CPLR 3024, subd. (c) should be equated with any extension granted by stipulation. Paramount, however, is the intendment of CPLR that a defendant should have priority of examination (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3106.01–