■ HABBERSTAD VOLKSWAGEN, INC., Appellant, v GC VOLKSWAGEN, INC., et al., Respondents, et al., Defendant. [7 NYS3d 463]—

In an action to recover damages for breach of contract and for rescission, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), entered April 22, 2014, which granted the motion of the defendants GC Volkswagen, Inc., James Farley, and Jerome Ross for summary judgment dismissing the second cause of action of the amended complaint, which sought rescission against them.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the motion of the defendants GC Volkswagen, Inc., James Farley, and Jerome Ross (hereinafter collectively the GC defendants) for summary judgment dismissing the second cause of action of the amended complaint, which sought

rescission against them. The equitable remedy of rescission is only to be invoked where the plaintiff has no adequate remedy at law and where the parties can be substantially restored to their status quo ante positions (*see Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]; *Adrian Family Partners I, L.P. v ExxonMobil Corp.*, 61 AD3d 901, 903 [2009]; *Pramco III, LLC v Partners Trust Bank*, 52 AD3d 1224, 1224-1225 [2008]). In this action based on an alleged breach of interdependent contracts for the sale of a Volkswagen automobile franchise/dealership and its assets, the GC defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's cause of action for rescission by demonstrating that they had surrendered their dealership rights in accordance with the terms of the contracts, and therefore they could not be substantially restored to their pre-contract position in the event that rescission was granted (*see generally Rudman v Cowles Communications*, 30 NY2d at 13-14; *Tarleton Bldg. Corp. v Spider Staging Sales Co.*, 26 AD2d 809, 809 [1966]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's remaining contentions are without merit. Thus, the award of summary judgment on the motion in favor of the GC defendants was warranted. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.