■ K.A.M.M. GROUP, LLC, et al., Respondents, v 161 LAFAYETTE REALTY, INC., Appellant, et al., Defendant. [60 NYS3d 378]—

In an action, inter alia, to recover a downpayment made pursuant to a commercial lease, the defendant 116 Lafayette Realty, Inc., appeals from (1) a decision of the Supreme Court, Rockland County (Berliner, J.), dated August 25, 2015, and (2) a judgment of the same court dated September 16, 2015, which, upon the decision, made after a nonjury trial, is in favor of the plaintiffs and against it in the principal sum of $65,792.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In April 2013, the plaintiff K.A.M.M. Group, LLC (hereinafter the tenant), entered into a commercial lease with the defendant 161 Lafayette Realty, Inc. (hereinafter the landlord), to commence on October 1, 2013. In connection with the lease, the tenant made a downpayment in the sum of $65,792. Thereafter, the tenant learned that the premises were leased to another tenant through December 31, 2013. After efforts to resolve the matter failed, the tenant opted to cancel the lease and requested the return of its down payment. The landlord did not return the down payment. The tenant and one of its principals commenced this action.

After a nonjury trial, the Supreme Court found that the plaintiffs were entitled to rescind the lease and to recover their downpayment due to the landlord's mistake as to the commencement date of the lease. The landlord appeals, arguing that any mistake as to the start date of the lease was insubstantial and did not warrant cancellation of the lease.

In reviewing a determination made after a nonjury trial, "this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses" (*34-35th Corp. v 1-10 Indus. Assoc., LLC*, 103 AD3d

709, 710 [2013]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

Rescission "rests upon the equitable principle that a person shall not be allowed to enrich himself [or herself] unjustly at the expense of another" (*Miller v Schloss*, 218 NY 400, 407 [1916]; *see Rosenblum v Manufacturers Trust Co.*, 270 NY 79, 85 [1936]), and is invoked "where the parties can be substantially restored to their status quo ante positions" (*Habberstad Volkswagen, Inc. v GC Volkswagen, Inc.*, 127 AD3d 1019, 1020 [2015]; *see County of Orange v Grier*, 30 AD3d 556, 557 [2006]). The remedy of rescission may be granted where, as here, a mistake existed at the time the contract was entered into if "the mistake is so material that . . . it goes to the foundation of the agreement" (*Da Silva v Musso*, 53 NY2d 543, 552 [1981]; *see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]; *County of Orange v Grier*, 30 AD3d at 557).

Here, the landlord's principal admitted at trial that a mistake was made regarding the commencement date of the parties' lease. Contrary to the landlord's contention, however, the mistake as to the commencement date related to a material term of the lease (*see Rouzani v Rapp*, 203 AD3d 446, 447 [1994]; *see generally* General Obligations Law § 5-703 [1]), and substantially defeated the purpose of the lease. The landlord's remaining contentions are without merit. Accordingly, the Supreme Court properly determined that the plaintiffs were entitled to rescind the lease and to recover their downpayment (*see Da Silva v Musso*, 53 NY2d at 552; *Rosenblum v Manufacturers Trust Co.*, 270 NY at 85). Dillon, J.P., Austin, Roman and Cohen, JJ., concur.