Cathedral Props. Corp. v Cathedral Ct. Assoc., L.P. (2019 NY Slip Op 08390)





Cathedral Props. Corp. v Cathedral Ct. Assoc., L.P.


2019 NY Slip Op 08390


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-06512
2018-06513
2018-07779
 (Index Nos. 20017/07, 618/10, 15272/12)

[*1]Cathedral Properties Corp., etc., respondent- appellant, 
v
Cathedral Court Associates, L.P., et al., appellants-respondents. (Action No. 1.)
Cathedral Court Associates, L.P., et al., appellants-respondents, Cathedral Properties Corp., respondent-appellant. (Action No. 2.)
Cathedral Court Associates, L.P., appellant-respondent,
v
Cathedral Properties Corp., respondent-appellant. (Action No. 3.)


Rosenberg Fortuna & Laitman, LLP, Garden City, NY (David I. Rosenberg, Anthony R. Filosa, and Joseph P. Sacco of counsel), for appellants-respondents.
Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (John R. Yetman and Paul R. McDougal of counsel), for respondent-appellant.
In related actions (1) to recover damages for wrongful eviction and for



DECISION & ORDER
indemnification (Action No. 1), (2) for indemnification, in which Cathedral Properties Corp., the plaintiff in Action No. 1 and the defendant in Action Nos. 2 and 3, counterclaimed, inter alia, to recover damages for breach of fiduciary duty (Action No. 2), and (3) for the return of funds deposited with the Clerk of the District Court of Nassau County (Action No. 3), Cathedral Court Associates, L.P., a defendant in Action No. 1, a plaintiff in Action No. 2, and the plaintiff in Action No. 3, and Old Court Realty Corp. and Jacques Blinbaum, defendants in Action No. 1 and plaintiffs in Action No. 2, appeal, and Cathedral Properties Corp., the plaintiff in Action No. 1 and the defendant in Action Nos. 2 and 3, cross-appeals, from (1) a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered May 9, 2018, and (2) two money judgments of the same court, both entered May 10, 2018. The judgment, insofar as appealed from, upon, inter alia, a corrected decision of the same court dated December 19, 2017, made after a nonjury trial, (1) is in favor of Cathedral Properties Corp. and against Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum on the second cause of action in the second amended complaint in Action No. 1 for indemnification, and dismissing their counterclaims, (2) is in favor of Cathedral Properties Corp. and against Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum [*2]dismissing the complaint in Action No. 2 and on its seventh counterclaim to recover damages for breach of fiduciary duty, and (3) directed the return of the funds deposited with the Clerk of the District Court of Nassau County to Cathedral Court Associates, L.P., only to the extent of directing that such funds "be held in escrow by the attorney for Plaintiff Cathedral Court Associates, L.P. as set forth in the Corrected Decision After Trial dated December 19, 2017 and which shall be utilized by Plaintiff's attorney to partially satisfy the judgment provided herein after the exhaustion of appeals." The judgment, insofar as cross-appealed from, is in favor of Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum and against Cathedral Properties Corp. dismissing the first cause of action in the second amended complaint in Action No. 1 to recover damages for wrongful eviction. The money judgment entered May 10, 2018, in Action No. 1, insofar as appealed and cross-appealed from, is in favor of Cathedral Properties Corp. and against Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum in the total sum of $334,071.93. The money judgment entered May 10, 2018, in Action No. 2, insofar as appealed and cross-appealed from, is in favor of Cathedral Properties Corp. and against Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum in the total sum of $357,951.37.
ORDERED that the appeal from so much of the judgment as is in favor of Cathedral Properties Corp. and against Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum on the second cause of action in the second amended complaint in Action No. 1 for indemnification is dismissed, as that portion of the judgment was superseded by the money judgment entered May 10, 2018, in Action No. 1; and it is further,
ORDERED that the appeal from so much of the judgment as is in favor of Cathedral Properties Corp. and against Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum on the seventh counterclaim of Cathedral Properties Corp. to recover damages for breach of fiduciary duty is dismissed, as that portion of the judgment was superseded by the money judgment entered May 10, 2018, in Action No. 2; and it is further,
ORDERED that the cross appeals from both money judgments are dismissed as abandoned and, in any event, on the ground that Cathedral Properties Corp. is not aggrieved by the
money judgments (see CPLR 5511); and it is further,
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof directing that the funds deposited with the Clerk of the District Court of Nassau County "be held in escrow by the attorney for Plaintiff Cathedral Court Associates, L.P. as set forth in the Corrected Decision After Trial dated December 19, 2017 and which shall be utilized by Plaintiff's attorney to partially satisfy the judgment provided herein after the exhaustion of appeals"; as so modified, the judgment is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,
ORDERED that the money judgments are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to Cathedral Properties Corp., payable by Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum.
Cathedral Properties Corp. (hereinafter the co-op) is a residential cooperative corporation that owns an apartment complex located in Hempstead. In May 1998, Jacques Blinbaum, a member of the co-op's board of directors and the sole shareholder of the co-op's then managing agent, Old Court Realty Corp. (hereinafter Old Court), notified Leonard Saccheri, an owner of an apartment within the complex, that, based upon Saccheri's accrual of approximately two months' worth of maintenance arrears, his lease would be terminated effective May 28, 1998. At the ensuing auction sale, Cathedral Court Associates, L.P., the co-op's conversion sponsor (hereinafter the sponsor), the principal of which was Blinbaum, purchased the shares of the apartment for $4,500.
In 1999, Saccheri commenced a proceeding pursuant to RPAPL 713(10) against the co-op in the Nassau County District Court, alleging that he had been wrongfully evicted from the subject apartment. Following a nonjury trial, the District Court determined that the default notices that had been served upon Saccheri were ineffective to terminate his lease and that Saccheri had been wrongfully evicted. The District Court determined, among other things, that Saccheri was entitled to damages sustained as a consequence of the wrongful eviction. In an order dated June 18, 2007, the Appellate Term, inter alia, upheld the District Court's determination that the default notices served upon Saccheri were ineffective to terminate the lease. However, the Appellate Term dismissed Saccheri's cause of action for damages on the ground that damages for the wrongful eviction were not available in a summary proceeding brought pursuant to RPAPL 713(10), and had to be secured separately.
In November 2007, Saccheri commenced Action No. 1 in the Supreme Court, Nassau County, against the co-op, Old Court, the sponsor, and Blinbaum to recover damages for wrongful eviction, including treble damages. Subsequently, Saccheri entered into a settlement agreement with the co-op pursuant to which the co-op paid Saccheri a sum of money for the shares of his apartment and for an assignment of his claims against Blinbaum, Old Court, and the sponsor (hereinafter
collectively the Blinbaum affiliates). In an order entered April 18, 2016, the Supreme Court denied the Blinbaum affiliates' motion, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the amended complaint insofar as asserted against them, and pursuant to CPLR 3025(b) for leave to amend their answer. In addition, the court granted the co-op's cross motion, in effect, for summary judgment on the issue of liability on so much of the amended complaint as alleged that Saccheri was wrongfully evicted from the subject premises based on the doctrine of collateral estoppel, and for leave to amend the amended complaint, inter alia, (1) to substitute the co-op, as assignee of Saccheri, as the plaintiff, (2) to add the co-op as a plaintiff, and (3) to delete the co-op as a defendant.
Action No. 2 was commenced in January 2010 by the Blinbaum affiliates against the co-op seeking indemnification for costs and attorney's fees incurred in various litigation with the co-op, including litigation surrounding the co-op's attempt to refinance its wrap mortgage, which previously had been assigned by the sponsor to Blinbaum. The co-op answered the complaint and asserted various counterclaims. As relevant here, the seventh counterclaim alleged that Blinbaum breached his fiduciary duty to the co-op by, among other things, failing to disclose his unwillingness to accept a payoff of the wrap mortgage despite his knowledge that the co-op had paid a nonrefundable deposit in the sum of $176,000 to obtain a loan to pay off the wrap mortgage and "his issuance of a patently erroneous pay off letter."
Action No. 3 was commenced in December 2012 by the sponsor against the co-op to recover the amount of an undertaking the sponsor had deposited on behalf of the co-op to stay enforcement of a judgment of the District Court pending an appeal in Action No. 1. The complaint alleged that the District Court had issued a judgment awarding Saccheri damages for the loss of his apartment and that the sponsor, on behalf of the co-op, pursuant to an agreement had deposited the sum of $27,707.87 with the District Court Clerk to stay that judgment. The complaint further alleged that the Appellate Term's order dated June 18, 2007, dismissed Saccheri's damages causes of action, thereby obviating the need for the appeal deposit. The complaint alleged that the District Court Clerk was ready, willing, and able to return the appeal deposit on June 18, 2007, if both the co-op and the sponsor joined in a formal request, and further alleged that the co-op, however, had refused to join in any such request.
The three actions were joined for trial and a nonjury trial commenced in March 2017. In a decision after trial, the Supreme Court determined, with respect to Action No. 1, among other things, that Blinbaum was required to indemnify the co-op for its litigation costs and damages expended as part of its settlement arrangement with Saccheri. However, the court determined, inter alia, that the co-op was not entitled to treble damages. As to Action No. 2, the court determined that Blinbaum had breached his fiduciary duty with respect to his conduct surrounding the refinancing [*3]of the wrap mortgage, and that his conduct resulted directly in damages to the co-op in the sum of $176,000, representing the amount of the deposit. Subsequently, the court issued an order dated December 19, 2017, in which it determined, inter alia, that the funds deposited with the District Court Clerk should be returned to the sponsor, since releasing those funds to the co-op would result in a windfall. However, the court directed that the funds be held in escrow pending the exhaustion of any and all appeals. A judgment and two money judgments were issued based, inter alia, on the Supreme Court's decision and the order dated December 19, 2017.
We agree with the Supreme Court's determination to grant that branch of the co-op's cross motion which was, in effect, for summary judgment on the issue of liability on so much of the amended complaint in Action No. 1 as alleged that Saccheri was wrongfully evicted from the subject premises based on the doctrine of collateral estoppel. In the proceedings before the District Court and the Appellate Term, it was established, inter alia, that Saccheri was wrongfully evicted from the subject apartment. In opposition to the co-op's prima facie showing, the Blinbaum affiliates failed to establish that they were denied a full and fair opportunity to litigate the relevant issues in the District Court (see Hernandez v Nelson, 143 AD2d 632, 633).
In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration that in a close case the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Schulman Family Enters. v Schulman, 167 AD3d 959, 960; K.A.M.M. Group, LLC v 161 Lafayette Realty, Inc., 153 AD3d 799, 799; 34-35th Corp. v 1-10 Indus. Assoc., LLC, 103 AD3d 709, 710). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see Annan v New York State Off. of Mental Health, 165 AD3d 1020, 1021-1022). Here, the Supreme Court's determinations, inter alia, in favor of the co-op on its second cause of action in the second amended complaint in Action No. 1, seeking indemnification, and dismissing the first cause of action in the second amended complaint in Action No. 1, seeking damages for wrongful eviction, were supported by the record and warranted by the facts. Therefore, those determinations will not be disturbed (see Mears v Long, 173 AD3d 734, 735). Contrary to the co-op's contention, the court providently exercised its discretion in determining that the co-op was not entitled to treble damages pursuant to RPAPL 853 under the circumstances of this case (see Lyke v Anderson, 147 AD2d 18, 28; cf. Moran v Orth, 36 AD3d 771, 772-773).
Furthermore, the Supreme Court's determination with respect to Action No. 2, that Blinbaum breached his fiduciary duty to the co-op in connection with the co-op's attempt to refinance the wrap mortgage, was warranted by the facts presented at trial (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499). The court's determination rested largely on its assessment of the credibility of the witnesses, and there is no basis to disturb that determination (see Annan v New York State Off. of Mental Health, 165 AD3d at 1022).
However, while the Supreme Court properly determined in Action No. 3 that the funds deposited with the District Court Clerk by the sponsor on behalf of the co-op should be returned to the sponsor, the court should not have directed that those funds be held in escrow pending the exhaustion of any and all appeals. Under the circumstances presented, those funds should be released to the sponsor.
The parties' remaining contentions are without merit, have been rendered academic, or need not be reached in light of our determination.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court