289 So.2d 704 (1974)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
James S. CLENDENING et al., Respondents.
No. 43677.
Supreme Court of Florida.
January 23, 1974.
Rehearing Denied March 7, 1974.
*705 Raymond Ehrlich and Marion R. Shepard, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for petitioner.
David R. Lewis, of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for respondents.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, First District in Allstate Insurance Company v. Clendening, et al., reported at 273 So.2d 800 (Fla.App. 1973), which purportedly conflicts with The Aetna Casualty and Surety Company v. Enright, 258 So.2d 472 (Fla.App. 1972).
On October 6, 1970, respondent-son, who was a defendant and counter-plaintiff below, while serving in the Navy at Jacksonville, was involved in an accident with an uninsured motorist which resulted in serious and permanent injury. James Clendening at the time of the accident was the minor son of Robert Clendening, defendant and counter-plaintiff below, and was a resident of his father's household. Stonewall Insurance Company, plaintiff-below, had a policy of automobile liability insurance issued in Florida in effect on October 6, 1970, insuring James Clendening, the son, for injuries and losses caused by the negligence of an uninsured driver in the maximum sum of $10,000. Respondent father, a resident of Tennessee, also had an insurance policy in effect on the date of the accident issued by petitioner, Allstate Insurance Company, plaintiff below, in Tennessee, insuring him for losses or damages sustained by him or relative resident in his household, caused by the negligence of uninsured drivers in the maximum sum of $10,000. Relative to uninsured motorist coverage, the Allstate policy provided, inter alia:
"Section II: Protection Against Bodily Injury by Uninsured Automobiles.
"Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured... .
"Trust Agreement.
"In the event of any payment under this Section II.
"1. Allstate shall be entitled to the award of such payment to the proceeds of any settlement or judgment that may *706 result on the exercise of any rights of recovery of the insured against any owner or operator of an uninsured automobile.
"Section III: Medical Expense, Part 1, Coverage "C" Automobile Medical Payment Insurance
"Allstate will pay all reasonable expenses incurred within one year from the date of accident for necessary medical, dental, surgical, x-ray, ambulance, hospital, professional nursing and prosthetic devices to or for an uninsured who sustains bodily injury caused by accident."
The Allstate policy contained, additionally, a $2,000 maximum medical expenses coverage sustained by Robert Clendening, or relatives resident in his household as a result of accident. Both policies provided that any disputes were to be settled by the process of arbitration through the American Arbitration Association. James Clendening filed a demand for arbitration upon Allstate Insurance Company and Stonewall Insurance Company. Both insurance companies brought an action for declaratory and injunctive relief in Florida. In their complaint, the insurance companies alleged, inter alia, that notwithstanding the offer of Stonewall Insurance Company to pay the full sum of $10,000 in settlement of its liability under its policy to all claimants thereto, which offer is continuing, and notwithstanding the fact that Allstate Insurance Company did on several occasions offer to pay the sum of $10,000.00 in full settlement of its liability to all claimants, which offer is now withdrawn and replaced by an offer to pay the sum of $2,000.00, under Coverage C1, Automobile Medical Payments Insurance, to such person or persons as may be entitled thereto, such offers were refused. Allstate alleged that there was and is other insurance applicable to the injury to James Clendening under the policy issued by Stonewall Insurance Company and that by virtue of the following condition of the endorsement in the Allstate Insurance policy executed in Tennessee, the liability of Allstate Insurance Company for uninsured motorist coverage does not in any event exceed the sum of $10,000.00 and such liability is reduced by the sum of $2,000.00 payable under automobile medical payments insurance, and such liability is further reduced by the amount of uninsured motorist coverage available under the Stonewall policy, so that in any event, the liability of Allstate to the claimants does not exceed the sum of $2,000.00. The aforementioned condition contained in the Allstate policy provides:
"Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." (e.s.)
The policy issued by Allstate in Tennessee was required to include uninsured motorist coverage by the provisions of § 56-1148, Tennessee Code Annotated, in the amount set out in § 59-1206, T.C.A.:
"... not less than ten thousand dollars ($10,000) because of bodily injury to or death of one (1) person in any one (1) accident, and, subject to said limit *707 for one (1) person to a limit of not less than twenty thousand dollars ($20,000) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and if the accident has resulted in injury to, or destruction of, property to a limit of not less than five thousand dollars ($5,000) because of injury to or destruction of property of others in any one (1) accident."
Allstate urged that Tennessee law should apply in determining the validity of the aforestated condition of the Allstate policy since the statutes of Tennessee unlike Florida law provide that so long as an injured person has available to him insurance coverage with limits not less than $10,000.00 required for proof of financial responsibility (T.C.A. § 59-1206) such statute shall not be construed to require insurance under one or more policies in excess of that amount. Section 56-1152, T.C.A., provides:
"Minimum policy limits not increased.  Nothing contained in §§ 56-1148  56-1153 shall be construed as requiring the forms of coverage provided pursuant to §§ 56-1148  56-1153, whether alone or in combination with similar coverage afforded under other automobile liability policies, to afford limits in excess of those that would be afforded had the insured thereunder been involved in an accident with a motorist who was insured under a policy of liability insurance with the minimum limits described in § 59-1206. Such forms of coverage may include such terms, exclusions, limitations, conditions, and offsets, which are designed to avoid duplication of insurance and other benefits."
An attempt was made to join the United States as a party to the suit, but it objected and was dismissed for lack of jurisdiction.
To said complaint for declaratory relief, respondent-father counterclaimed demanding judgment against Stonewall in the sum of $10,000.00 and against Allstate for $12,000.00, and respondent-son counterclaimed and demanded judgment against each insurer in the sum of $10,000.00 each. Respondent, James Clendening, then filed a motion for summary judgment to declare that each of the insurance companies has an independent liability limit of $10,000.00 with respect to his claim. Respondent, Robert Clendening, separately moved for partial summary judgment against Stonewall and Allstate for a declaration that Stonewall has a limit of $10,000.00 under its uninsured motorist coverage for Robert Clendening and that Allstate has a $10,000.00 limit under its uninsured motorist coverage, and an additional limit of $2,000.00 under its medical pay coverage for Robert Clendening. The trial court granted the motions for partial summary judgment. In its order granting partial summary judgment, the trial court faced with a conflicts of law question, to-wit: whether Tennessee law or Florida law should apply, in determining the validity of the "other insurance" or "excess coverage" clause contained in the Allstate Insurance policy, refused to apply the law of Tennessee, concluding that the better rule of law was that of Florida and that Florida has an interest in those persons insured in Florida who may become a burden to the state requiring treatment, hospitalization and doctor's treatment. Petition for rehearing was filed by Allstate wherein it alleged, inter alia, that the court failed to give full faith to acts of a foreign state and that the court, by its order, purports to construe the Florida Statute to change rights and obligations created in and valid by the law of a foreign state and thus constitutes a denial of due process. This petition was denied.
However, subsequent to the order granting partial summary judgment, at the trial, respondent-father dropped his claim for uninsured motorist damages against Stonewall. Respondent-son dropped his claim for damages against Allstate, and claim for medical claims was shifted from father to son. Stonewall Insurance Company agreed and settled the claim of respondents by Stonewall paying the sum of $10,000.00 *708 payable to respondent son. Although finding that the United States Navy had furnished medical services in excess of $25,000.00, the trial judge citing Paradis v. Thomas, Fla.App., 150 So.2d 457, and Parker v. Wideman, 5th Cir., 380 F.2d 433, applying the collateral source rule, found that the respondents were not barred from recovery merely because they suffered no net medical loss from the injuries, and awarded final judgment for respondent-father against Allstate in the amount of $10,000.00 provided that he provides Allstate with a release from the United States releasing Allstate for payment of medical services provided to respondent-son and awarded respondent-son $2,000.00 medical coverage for medical expenses provided he supplies Allstate with a waiver or release from the United States Navy. "Final judgment and order of execution" was thereafter rendered by the trial court having been advised that James Clendening and Robert Clendening had tendered to Allstate releases from the Navy Department.
Upon appeal of the final judgment, the First District Court of Appeal in a very brief per curiam opinion stated that appellant failed to demonstrate reversible error and affirmed the judgment of the trial court.
Because of apparent conflict with Aetna Casualty and Surety Co. v. Enright, 258 So.2d 472 (Fla.App.3rd, 1972), we granted certiorari. In the Enright case, a New York resident was driving the car of another New York resident in Dade County. Both the driver and owner of the car were insured by separate New York insurance policies for injury caused by an uninsured motorist. As a result of an accident with an uninsured motorist, the driver brought suit in Florida to recover under his own policy. He had already recovered the $10,000.00 limit under the policy of the owner of the car. His policy contained a provision similar to that contained in the policy of the father in this case which provision was valid under the law of New York. The trial court found that the law of New York was contrary to the public policy of Florida and granted recovery to the driver. Initially the DCA-3 set out the public policy of Florida relative to uninsured motorist coverage:
"In addition, this public policy has been followed in the Florida case law. It is expressed by the Supreme Court of Florida in Sellers v. United States Fidelity and Guaranty Co., Fla. 1966, 185 So.2d 689, which dealt with `other insurance' clauses in Florida contracts:
* * * * * *
"`Our views herein are predicated upon our construction of § 627.0851. We consider that it provides for a limited type of compulsory automobile liability coverage. It appears to require coverage for bodily injury caused by the negligence of an uninsured motorist to the extent of specific limited amounts. It does not permit "other insurance" clauses in the policy which are contrary to the statutorily limited amounts of coverage.'
* * * * * *
"Furthermore, in Travelers Indemnity Co. v. Powell, Fla.App. 1968, 206 So.2d 244, the District Court of Appeal, First District, expressed this public policy of the State of Florida as applicable to that case as follows:
* * * * * *
"`The coupling of uninsured motorist coverage with family protection coverage in an automobile liability policy has made each member of a family an insured under each such policy purchased by any family member. Complications arise when there are several members of a family, each owning an automobile, each purchasing a separate policy, and each being an insured under all policies. Since it has been decided in Sellers that an insurance company could not limit its liability under the statute by a "set-off," an "excess insurance," or "other insurance" provision, such provisions being void as contrary to public policy, the *709 question now before us is whether an insurance company can accomplish the same result with a nonliability clause although there has been no rejection of coverage by the insured.'"
The Third District in Enright reversed the judgment of the trial judge and concluded that the trial judge had improperly extended statutory expression of public policy regulating insurance policies issued in Florida to the point that he had overruled the general law of contracts, and that "The expressions of the legislature in the statute clearly apply only to contracts issued in the State of Florida. In both Sellers and Travelers the policy against limiting uninsured motorist coverage was applied to policies issued to Florida residents."
By determining that no reversible error had been demonstrated and in affirming the final judgment of the trial court, the District Court of Appeal, First District did not necessarily agree with the previous interlocutory order of the trial judge wherein the trial judge determined that Florida law should apply in determining the validity vel non of the excess coverage provision of the Allstate policy issued in Tennessee. It was after the entry of partial summary judgment that respondent-father dropped his claim against Stonewall and respondent-son dropped his claim for damages against Allstate, thus negating the conflicts of law question. The final outcome of the cause was that Stonewall paid its policy owner, James, the limit of his uninsured motorist coverage, $10,000.00, under his own policy, to cover his personal claim and any Navy subrogation or independent claim arising from his; James, as a relative of the named insured, was awarded the limit of the medical pay coverage of the Allstate policy, $2,000.00; and Allstate was found liable to its policy owner, Robert, for the limit of his uninsured motorist coverage, $10,000.00, under his own policy, to cover his derivative claim from his son's injury and any Navy subrogation or independent claim arising from his.
We agree with respondents that although the trial court, in granting the partial summary judgments for respondents, made a determination that, at that stage of the case, it would apply the public policy of the law of Florida in declaring the Tennessee Allstate policy "exceptions" unenforceable, the ultimate judgment of the trial court is not contingent upon the choice of Florida law over Tennessee law.
After oral argument and upon further consideration of the matter, we have determined that the finding by the District Court in the instant cause that no reversible error had been demonstrated does not conflict with the Aetna Casualty and Surety Company v. Enright, supra. Since no direct conflict exists as required by Article V, Section 3(b) (3), Florida Constitution (1973), F.S.A., certiorari herein was improvidently granted.
By way of caveat we comment that Tennessee law is applicable in determining the validity vel non of the excess insurance clause under the particular facts of this case. The insured was a resident of Tennessee, insured by a policy executed in Tennessee under Tennessee laws. See Aetna Casualty and Surety Company v. Enright, supra.
For the aforegoing reasons, the petition for writ of certiorari must be and is hereby discharged.
It is so ordered.
CARLTON, C.J., and ERVIN and DEKLE, JJ., concur.
BOYD, J., dissents.