358 So.2d 1387 (1978)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Lawrence S. LANGSTON, Appellee.
Nos. 77-1807, 78-271.
District Court of Appeal of Florida, Third District.
June 6, 1978.
*1388 Spencer & Taylor, Miami, for appellant.
Hacker, Phelps & Matters, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL (Ret.), Associate Judge.
On September 23, 1975, Lawrence S. Langston, a resident of Maryland who was a student at the University of Miami, while riding as a passenger on a motorcycle owned and operated by one Willie Fusco, suffered a severe injury as a result of a collision of the motorcycle with an uninsured vehicle. Langston collected $15,000.00 under the uninsured motorists coverage of a liability policy issued to Fusco Universal Underwriters Insurance Co.
Langston was an insured under a policy with uninsured motorists coverage which had been issued in Maryland by Allstate Insurance Company to his mother, Jean Langston, a resident of Maryland, as the named insured. Lawrence Langston, in Dade County, Florida, sought arbitration of his uninsured motorists claim against Allstate.
In Maryland, Allstate had filed an action against Jean Langston and Lawrence Langston, in which said defendants had been served and were represented by counsel. Therein Allstate sought a determination and declaration of the amount of uninsured motorists coverage under its policy which was available to the defendant, Lawrence Langston, by reason of his injury sustained in the accident involving the uninsured motorist. It was alleged therein the provision for such coverage in the Allstate policy, issued in accordance with the laws of Maryland, was $20,000.00 for each person. The limit of the Universal policy, held by Fusco, also was $20,000.00 for each person. Allstate's contention was that under the terms of its policy the coverage obligation to Langston was $5,000.00, being its policy limit of $20,000.00 offset by the $15,000.00 received by Langston from such other insurance. Langston contended the coverage to which he was entitled was $40,000.00, based on stacking the two policies without any such offset.
Because of the pendency of the action in Maryland for determination of the coverage obligation of Allstate in the premises, Allstate filed an action in the Circuit Court of Dade County, alleging the above facts and seeking to have the arbitration deferred until determination of coverage in the Maryland action. A copy of the complaint filed in Maryland was attached. An application of Allstate for a temporary restraining order to defer arbitration pending determination *1389 of the Maryland action on coverage was denied.
The arbitration proceeded in Dade County, Florida, and resulted in the following award:
"The Undersigned Arbitrator, designated under the arbitration provision of Policy No. 0-18-550435, having been duly sworn and having heard the proofs and allegations of the parties, AWARDS as follows: "The Arbitrators AWARD to the claimant is FORTY THOUSAND DOLLARS AND NO CENTS ($40,000.00). This AWARD is subject to a judicial determination of the applicable policy limits. Claimant contends stacking applies applies. Respondent denies this. Respondent contends it is entitled to a $15,000.00 set-off. Claimant denies this. Claimant contends there is $40,000.00 in coverage. Respondent contends the coverage is $5,000.00. The Arbitrators make no decision in this regard. If the coverage is $5,000.00 the AWARD is $5,000.00. If the coverage is $40,000.00 the AWARD is $40,000.00.
"This Award is in full settlement of all claims submitted to this arbitration."
Langston filed an answer, and a counterclaim reciting the above-quoted award, and praying for an order confirming the award. Later, Langston filed an amended motion for summary judgment, in which he contended that the above-quoted arbitration award, as a matter of law, entitled him to a judgment for $40,000.00, and moved for entry of a judgment therefor.
Thereafter, with leave of court Allstate filed an amendment to its complaint for injunction wherein it recited said arbitration award and pointed to the provision therein that the amount to which Langston would be entitled thereunder was "subject to a judicial determination of the applicable policy limits", and alleged that such determination had not yet been made by the court in the pending action in Maryland where that question was to be determined, and requested that proceedings on the arbitration award be stayed until decision of the Maryland case. Langston filed an answer thereto. The record does now show any order entered on that stay application made by Allstate.
On July 26, 1977, the court entered a judgment entitled "Summary Final Judgment Confirming Arbitration Award". Therein, the court recited that the matter was heard on the defendant's (Langston's) amended motion for summary judgment to confirm the award and enter judgment thereon, and ordered as follows:
"ORDERED AND ADJUDGED that said Award of Arbitrator be and the same is hereby confirmed and it is further adopted as the judgment of this court and judgment be and the same is hereby entered as follows:
"`The Arbitrators AWARD to the claimant is FORTY THOUSAND DOLLARS AND NO CENTS ($40,000.00). This AWARD is subject to a judicial determination of the applicable policy limits. Claimant contends stacking applies. Respondent denies this. Respondent contends it is entitled to a $15,000.00 set-off. Claimant denies this. Claimant contends there is $40,000.00 in coverage. Respondent contends the coverage is $5,000.00. The Arbitrators make no decision in this regard. If the coverage is $5,000.00 the AWARD is $5,000.00. If the coverage is $40,000.00 the AWARD is $40,000.00.'"
Two days later, on July 28, 1977, the court entered two additional orders. One was entitled "Order Granting Defendant-Counterclaimant's Amended Motion for Summary Judgment". That order did not contain confirmation of the arbitration award, but recited that the motion for summary judgment was granted, and ordered "that accordingly summary judgment shall be entered against Allstate Insurance Company in the amount of $40,000.00". The other, entitled "Final Judgment", ordered that Lawrence Langston recover from Allstate Insurance Company the said amount of $40,000.00, with provision therein for execution to issue.
*1390 Allstate moved for rehearing, contending that the above order and judgment entered on July 28, 1977, changed the award and deviated therefrom, and that there had been no request to modify or correct said award but only a motion to confirm the same. The motion for rehearing was denied and Allstate appealed from said orders of July 28, 1977 (Appeal No. 77-1807). Thereafter, Allstate moved to vacate said July 28, 1977 judgments, and filed a separate appeal from an order denying that motion (Appeal No. 78-271).
The court did not commit error by refusing Allstate's request to enjoin arbitration until such time as the limit of its coverage was determined. This is so because the matter to be decided in the Maryland court action, while it related to coverage, is not a question of whether there is coverage under the Allstate policy, but a question as to the amount of coverage which is available to the claimant under the Allstate policy in the circumstances involved.
In Government Employees Insurance Co. v. Mirth, 333 So.2d 545, 547 (Fla. 3d DCA 1976), this court said:
"Under a liability indemnity insurance policy providing uninsured motorist coverage, issues relating to the merits of the claim against the tort-feasor are triable on the arbitration, but an issue bearing on coverage is not to be so tried, and is triable by the court. Cruger v. Allstate Insurance Company, Fla.App. 1962, 162 So.2d 690; Zeagler v. Commercial Union Ins. Co. of N.Y., Fla.App. 1964, 166 So.2d 616. * * *"
If the Maryland action had involved a contention of absence of coverage, arbitration should and presumably would have been enjoined pending such coverage decision. However, because the coverage question being litigated in Maryland is the amount of limit of the insurer's liability, the arbitration properly could proceed, for determination of the issues relating to the merits of the claim and the amount of damages. The arbitration award fixed the liability and damages, but by its wording disclosed the arbitrators were aware of the divergent views of the parties as to the limit of Allstate's coverage obligation under its policy, and properly noted the award against Allstate necessarily was subject to the limit of Allstate's liability under its policy as the same should be determined.
Thus whether Allstate is obligated to pay the full amount of the damages fixed by the award, or less, will depend on determination of the amount of its obligation under its policy. The action initially filed in Maryland for coverage determination conferred on that court the jurisdiction to litigate and settle the question. Wade v. Clower, 94 Fla. 817, 114 So. 548 (1927). For that reason, the question as to the coverage limit could not have been decided in the subsequently filed action in Dade County, Florida, even if the latter action had been brought for that purpose. The action here was a suit to enjoin arbitration, for the reasons stated above, and did not purport to present for determination the said coverage question.
Where the policy was issued in Maryland to a resident of that State, the construction and legal effect of the terms of the policy and the rights and obligations of the parties thereto are to be determined by the laws of that State. Aetna Casualty and Surety Co. v. Enright, 258 So.2d 472 (Fla. 3d DCA 1972); Allstate Insurance Company v. Clendening, 289 So.2d 704, 709 (Fla. 1974); H.S. Equities, Inc. v. Hartford Accident & Indemnity Co., 334 So.2d 573 (Fla. 1976).
The Florida Arbitration Code, by Section 682.12, Florida Statutes (1975) provides that upon application by a party to the arbitration the court shall confirm an award, unless within the time limits imposed grounds are urged for vacating or modifying or correcting the award. Here there was an application by the claimant for confirmation of the award, with no request for the award to be vacated or modified or corrected. Section 682.15 thereof provides that upon confirming an award the court shall enter judgment thereon in accordance with the *1391 award. That is what the court did by the judgment entered on July 26, 1977.
We are impelled to conclude, as appellant contends, that the subsequent order and the judgment, each of which was entered on July 28, 1977, were not judgments in conformity to the award, and were not in conformity to said Section 682.15, Florida Statutes (1975). Moreover, the order and the judgment of July 28, 1977 necessarily were based on the Florida court making a determination of the rights and obligations of the parties with regard to the liability limit of the insurer to the claimant in the circumstances, by which the court in this case decided the insured's policy limit obligation was $40,000.00, as contended for by claimant, rather than $5,000.00, as contended for by Allstate. The court in this case was not entitled to so decide, when jurisdiction for determination of such disputed question of coverage was lodged in the previously filed action in Maryland, where such matter had been raised and was being litigated by the parties.
Accordingly, the order and judgment which were entered herein on July 28, 1977 are reversed, and the arbitration award as confirmed by the judgment entered on July 26, 1977 shall stand as confirmation of the award, and as the judgment entered in conformity thereto.
It is so ordered.