WALDEN, Judge.
This is an appeal from an order granting Susan August’s, appellee’s, Petition for Ap *353 pointment of a Defense Arbitrator. This order is appealable. Florida Rules of Appellate Procedure 9.030(b)(1)(B). Lumber-mens Mutual Casualty Company (Lumbermen) appeals. We affirm.
The underlying dispositive issue is a determination of where the cause of action arose.
On February 17, 1979, August was involved in an automobile accident with an uninsured motorist in Florida. August lived with Ruth C. Quint in Newton Center, Massachusetts, and both women are residents of Massachusetts.
Prior to the accident, Quint had contracted for and received a standard Massachusetts’ automobile liability insurance policy from Lumbermen in Massachusetts. This policy provided mandatory uninsured motorist coverage.
Five years later, on February 9, 1984, August filed a suit against Lumbermen seeking uninsured motorist benefits under Quint’s Massachusetts’ policy. Lumbermen filed a motion to dismiss, asserting that Massachusetts’ statute of limitations barred this claim. This motion was denied.
Lumbermen filed an answer on July 2, 1984. In addition, asserting its statute of limitations argument, Lumbermen filed a motion for summary judgment, motion for rehearing and a second motion for summary judgment. All of these motions were denied.
It is critical to note that the Massachusetts’ statute of limitations is three years, while the Florida limitation is five years. Thus, the case would be barred if the cause of action arose in Massachusetts, but not barred, if it arose in Florida.
For an uninsured motorist claim, a cause of action accrues, and the statute of limitations begins to run, on the date of the accident, rather than on the date of compliance with the conditions precedent contained in the insuring agreement. State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla.1982). Florida law does not distinguish between when a cause of action accrues and when a cause of action arises. Mee-han v. Celotex Corp., 466 So.2d 1100 (Fla. 3d DCA 1985). Thus, in the instant case, the cause of action arose in Florida, where the accident occurred, and Florida’s five-year statute of limitations applies. Accordingly, we find that the trial court was correct in denying Lumbermen’s motion to dismiss and in granting August’s Petition for Appointment of a Defense Arbitrator.
AFFIRMED.
WEBSTER, PETER D., Associate Judge, concurs.
LETTS, J., concurs specially with opinion.