530 So.2d 293 (1988)
LUMBERMENS MUTUAL CASUALTY CO., Petitioner,
v.
Susan AUGUST, Respondent.
No. 71071.
Supreme Court of Florida.
September 1, 1988.
*294 Wesley L. Catri of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for petitioner.
Victor Tobin and Evelyn M. Merchant of Simons, Simons & Tobin, Fort Lauderdale, for respondent.
EHRLICH, Chief Justice.
We have for review Lumbermens Mutual Casualty Co. v. August, 509 So.2d 352 (Fla. 4th DCA 1987), which directly and expressly conflicts with the decisions of this Court in Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), Bates v. Cook, Inc., 509 So.2d 1112 (Fla. 1987), and Colhoun v. Greyhound Lines, Inc., 265 So.2d 18 (Fla. 1972). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On February 17, 1979, Susan August was involved in an automobile accident with an uninsured motorist while travelling in the State of Florida. August, a resident of Massachusetts, lived with Ruth C. Quint, her grandmother, also a resident of Massachusetts. Prior to the accident, Mrs. Quint purchased an automobile liability insurance policy with Lumbermens Mutual Casualty Company. This policy, which was in force at the time of the accident in Florida, was a standard Massachusetts automobile policy which provided mandatory uninsured motorist coverage.
On February 9, 1984, almost five years after the accident, August filed a suit in Florida against Lumbermens seeking uninsured motorist benefits under Mrs. Quint's Massachusetts policy. Lumbermens' motion to dismiss and motions for summary judgment, asserting that the claim was barred by the Massachusetts statute of limitations, were denied. Massachusetts General Law chapter 260, section 2A, provides a three year statute of limitations for actions of tort or of contract to recover for personal injuries. Thereafter, August's petition for appointment of a defense arbitrator was granted by the trial court.
Lumbermens appealed the order granting August's petition for appointment of a defense arbitrator. The Fourth District Court of Appeal affirmed the trial court's determination that section 95.11(2)(b), Florida Statutes (1979), Florida's five year limitations period governing contracts, applied to this case. The district court reasoned that because the accident occurred in Florida the instant cause of action arose in this state and hence section 95.10, Florida Statutes, *295 Florida's borrowing statute, was not applicable.[1] 509 So.2d at 353.
Lumbermens now seeks review of the decision of the district court below. As this Court recently stated, "[i]f the cause of action arose in another state and the action is time-barred because of that state's limitation statutes, the borrowing statute precludes the maintenance of the action in Florida. If the cause of action arose in Florida, the borrowing statute is inapplicable." Bates, 509 So.2d at 1113. Accordingly, as the district court below correctly noted, the seminal issue in this case is a determination of where the cause of action arose. 509 So.2d at 353.
In Sturiano, this Court held that the lex loci contractus rule determines the rights and risks of the parties to automobile insurance policies on the issue of coverage. That rule provides that the laws of the jurisdiction where the contract was executed govern interpretation of substantive issues regarding the contract. 523 So.2d at 1129.[2] Although we recognize that an action to recover uninsured motorist benefits is not strictly an action dealing with contract, but also involves some aspects of a tort action, we agree with the conclusion of the Second District Court of Appeal in Burnett v. Fireman's Fund Ins. Co., 408 So.2d 838 (Fla. 2d DCA), review denied, 419 So.2d 1197 (Fla. 1982), that the rights and obligations of the parties under an insurance policy are governed by contract law since they arose out of an insurance contract. See Allstate Ins. Co. v. Clendening, 289 So.2d 704 (Fla. 1974). That the insured stands in a tort relationship to the uninsured motorist does not change the fact that an action by the insured against the insurer arises out of an insurance contract between the parties. Accordingly, the lex loci contractus rule determines the choice of law for interpretation of provisions of uninsured motorists clauses in automobile insurance policies just as it applies to other issues of automobile insurance coverage.[3]
In determining which state's statute of limitations is applicable to a claim for uninsured motorist benefits, we look to Bates, where this Court recognized "a trend away from calling statutes of limitations procedural and provide[d] that the issue of which statute of limitations applies should be determined like any other choice of law issue." 509 So.2d at 1114. Under this analysis, the doctrine of lex loci contractus would be applied in actions arising out of an automobile insurance contract to determine the applicable statute of limitations, just as with other substantive issues. To allow the period within which an action to recover uninsured motorists benefits *296 must be commenced to be determined by the fortuity of the location of an accident would substantially restrict the power to enter into stable contracts in our migratory, transitory society. As this Court recognized in Sturiano, the lex loci contractus rule ensures stability in automobile insurance contract arrangements.
In the present case, it is clear that under the lex loci contractus rule the cause of action between August and Lumbermens arose in Massachusetts. The policy issued to Mrs. Quint, with whom August resided, was executed in Massachusetts. See also Colhoun, 265 So.2d at 21 (the place where a contract is completed is where the cause of action accrues). Because the cause of action arose from a Massachusetts contract, the district court below erred in holding that Florida's borrowing statute was not applicable in determining the statute of limitations period. Pursuant to Florida's borrowing statute, it is necessary to look to Massachusetts law in order to determine the applicable limitations period.
Accordingly, we quash the decision of the district court below. We remand to the district court for proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 95.10, Florida Statutes (1979), provides: "When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state."
[2] The underlying issue in Sturiano was whether, under whichever state law was applicable, Mrs. Sturiano could maintain an action against the estate of her deceased husband to recover for injuries incurred in the automobile accident which resulted in her husband's death. Because the insurance policy was executed in New York, this Court determined that New York law must apply in resolving the issue. Under a New York statute, an action by Mrs. Sturiano against her husband's estate was barred unless the insurance policy specifically included coverage for claims between spouses. Sturiano v. Brooks, 523 So.2d 1126, 1127, 1130 (Fla. 1988).
[3] Issues relating to the right of the insured to recover from the insurer that depend on the insured's right against the uninsured motorist/tortfeasor, however, are determined according to the law of the state which has the most "significant relationship" to the accident. See State Farm Mutual Auto. Ins. Co. v. Olsen, 406 So.2d 1109 (Fla. 1981). In Olsen, a Florida resident was killed in an automobile accident in Illinois with an Illinois uninsured motorist. The deceased was insured under an automobile liability insurance policy issued in Florida by State Farm. The decedent's wife and personal representative of his estate filed a demand for arbitration of any uninsured motorists benefits due under the policy and asked that arbitration be governed by the substantive law of Florida, i.e. comparative negligence, because Illinois' law of contributory negligence would bar the action. The Court held that Illinois had the most significant relationship with the occurrence and determined that Illinois law therefore controlled in deciding the issue of whether the contributory negligence defense could bar recovery in a personal injury suit filed in Florida for a tort alleged to have occurred outside of Florida.