601 So.2d 587 (1992)
PRACTICE MANAGEMENT ASSOCIATES, INC., etc., Appellant,
v.
OLD DOMINION INSURANCE COMPANY, a Florida corporation, Appellee.
No. 91-935.
District Court of Appeal of Florida, First District.
May 27, 1992.
Rehearing Denied July 20, 1992.
Joseph M. Ripley, Jr., Jacksonville; Tamar Pachter, of Farella, Braun & Martel, San Francisco; John E. Steele, of Mahoney, Adams & Criser, Jacksonville, and Xavier J. Fernandez, of Fernandez & Saunders, Pinellas Park, for appellant.
William E. Kuntz, Tim E. Sleeth, and Earl E. Googe, Jr., of Smith, Hulsey & Busey, Jacksonville, for appellee.
PER CURIAM.
Old Dominion Insurance Company issued a policy of insurance to Practice Management Associates, Inc. in Florida where Practice Management Associates has its principal place of business which policy, among other things, insured against advertising injury. Such injury is defined in the policy as
injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan.
Practice Management Associates was sued across the country by dissatisfied customers and Old Dominion refused to defend and denied coverage. Practice Management Associates contends its customers' dissatisfaction is covered under advertising injury as "unfair competition." The trial court rejected this claim in ruling for Old Dominion, and we affirm.
Florida law controls in determining the meaning of the phrase "unfair competition." Lumberman's Mutual Casualty Company v. August, 530 So.2d 293 (Fla. 1988); Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988). Appellant's reliance on decisions from California and elsewhere it has been sued are unavailing in construction of the language of this Florida contract. The trial court determined:
The phrase "unfair competition" in the Policy refers unambiguously only to actions affecting competitors. This is consistent with the Florida case law that requires injury to a competitor as an *588 essential element of any claim of unfair competition. Even giving the phrase "unfair competition" its broadest ordinary meaning, the offense must include at least two elements, "unfairness" and "competition." This requirement that the offense include an element of rivalry is consistent with the plain meaning of the words and with recognized definitions. To define "unfair competition" simply to mean any act of a commercial enterprise which is unfair would be to expand the phrase to include all alleged wrongdoing by business and therefore include all manner of breach of contract, torts and violations of statutes, administrative regulations and the like. Such a boundless definition is therefore unreasonable.
(Citations omitted).
AFFIRMED.
BOOTH, SMITH and BARFIELD, JJ., concur.