Louis Seidman and Lizzie Seidman, Wife of the Said Louis Seidman, Plaintiffs, *v.* New York Life Insurance Company, Defendant.

Supreme Court, Special Term, New York County, March 25, 1937.

*Kelley & Connolly [Christian S. Lorentzen* of counsel], for the plaintiff.

*Louis H. Cooke [Donald C. Leo* of counsel], for the defendant.

HOFSTADTER, J.   It is clear from the evidence that the plaintiff was totally disabled within the terms of the policy at the time the application to reduce was made and acted upon, and that he was mistaken both as to the extent of his disability and as to the precise coverage of the policy.

These are mistakes of fact (*Dominics* v. *United States Casualty Co.*, 132 App. Div. 553; *Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79.)

While the principles of law here involved are not always clearly delineated in the reported cases (Equitable Relief for Unilateral Mistake, 28 Columbia Law Review, 859, 885), it is well settled that a court of equity will relieve by ordering the cancellation or rescission of an agreement upon the ground of a mistake of fact material to one party alone where there is no prejudice to the other contracting party by reason of a change of position. (*Rosenblum* v. *Manufacturers Trust Co.*, 270 N. Y. 79, 85; *Matter of Clark*, 233 App. Div. 487, 490.)

The contingency which in substance matured the disability provision of the policy had already come into existence. It is not persuasive for the purposes of this case that, in addition, by the terms of the policy, proof of disability was required to be filed. The testimony is ample to the effect that such proof was extant.   In this aspect the mistake of the plaintiffs related to a matter intrinsic to the agreement.   While not explicitly expressed, obviously both the insured and the company acted upon the assumption that the plaintiff was not totally disabled at the time the agreement was

consummated, for otherwise there would be no consideration for the agreement to reduce in view of the waiver of premium clause contained in the policy.

The facts are analogous to those before the court in the case of *Duncan* v. *New York Mutual Ins. Co.* (138 N. Y. 88), where the court rescinded the cancellation of an insurance policy upon a vessel which the parties mistakenly assumed had arrived safely in port, but which in fact had been shipwrecked. I deem this decision to be controlling. (See, also, *Scott* v. *Coulson*, L. R. [1903] 1 Ch. 453; 19 T. L. R. [Eng. Ch.] 162, where the court reached a similar conclusion and rescinded an assignment of a policy made at a time when the insured was dead.)

The parties may be restored to the *status quo ante* without prejudice to the insurer. The defendant is merely divested of an advantage which in good conscience and law it is not entitled to retain.

Judgment for plaintiff. Settle findings and conclusions accordingly.