■ In the Matter of the Arbitration between DANIEL MATARASSO et al., Appellants, and CONTINENTAL CASUALTY COMPANY, Respondent. — In a proceeding by Continental Casualty Company to stay arbitration, the claimants appeal from a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered January 13, 1981, which granted the petition "in the exercise of discretion". Judgment affirmed, with $50 costs and disbursements. The claimants were injured in an automobile accident and recovered the maximum

benefits allowable under their primary automobile liability insurance policy's uninsured motorist indorsement (see Insurance Law, § 167, subd 2-a). They sought to recover their excess damages under a "Commercial Umbrella Liability Policy" issued by the respondent insurer. The umbrella policy protected Daniel Matarasso and his business against claims by third parties in excess of the total applicable limits of liability of the underlying general, automobile and employers' liability policies. The umbrella policy did not include an uninsured motorist indorsement or supplementary uninsured motorist coverage (see Insurance Law, § 167, subd 2-a). The umbrella policy incorporated by reference provisions of the underlying policies with respect to liability coverage. The claimants demanded arbitration based on their contention that an uninsured motorist indorsement containing an arbitration clause was either incorporated by reference in the umbrella policy from the underlying automobile liability policy or was mandated by law (see Insurance Law, § 167, subd 2-a). The insurer then brought the instant proceeding to stay arbitration, concededly more than 20 days after service of the demand to arbitrate (see CPLR 7503, subd [c]). The main issue on this appeal is whether the uninsured motorist indorsement is applicable to the umbrella policy. We hold that in this case it is not. The umbrella policy clearly provides excess protection for claimant Daniel Matarasso and his business against liability from third-party claims. It incorporates the underlying policies insofar as they provide for protection against liability for damages to third parties. The uninsured motorist coverage provided by the underlying automobile liability policy does not involve claims of liability against the insured from third parties and is not incorporated by the umbrella policy. Any other interpretation would distort the actual purpose of the umbrella policy (cf. *Sperling v Great Amer. Ind. Co.*, 7 NY2d 442). Further, the Insurance Law does not mandate inclusion of the uninsured motorist indorsement in this umbrella policy. Subdivision 2-a of section 167 requires such an indorsement in every automobile liability policy issued "upon any motor vehicle * * * in this state". The umbrella policy at bar is not an automobile liability policy issued "upon any motor vehicle * * * in this state", but is a "Commercial Umbrella Liability Policy" purchased to provide excess liability coverage for a variety of possible claims and issued upon three underlying liability policies. The claimants received the protection of subdivision 2-a of section 167 through their primary underlying automobile liability insurance policy and have not been left without any relief. Having determined that the uninsured motorist indorsement, and its concomitant arbitration clause, do not apply to the umbrella policy at bar, the arbitration must be stayed. No arbitration agreement exists between the claimants and the insurer, and it is clear that a nonparty cannot be held to an arbitration agreement because he failed to seek a stay of arbitration within the statutory time limits (see CPLR 7503, subd [c]; *Glasser v Price*, 35 AD2d 98; see, also, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7503:11, p 365). Finally, we do not reach the issue of whether the insurer may be estopped from denying coverage as that question is not properly before us. Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.