424 So.2d 907 (1982)
SAFECO INSURANCE COMPANY OF AMERICA, Appellant,
v.
Lawrence Aaron WARE, Appellee.
No. 81-1077.
District Court of Appeal of Florida, Fourth District.
December 22, 1982.
Rehearing Denied January 26, 1983.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., and Thompson & Clark, Miami, for appellant.
K. Jack Breiden of E. Louis Fields, P.A., Fort Lauderdale, for appellee.
HURLEY, Judge.
The question in this case is whether to apply the law of Florida or that of New Jersey to determine the effect of an insurance contract made in New Jersey, but with notice that it would be performed, at least in part, in Florida. We affirm and hold that Florida law is applicable.
The undisputed, relevant facts are as follows: On December 21, 1978, the plaintiff, Lawrence Aaron Ware, was injured in an automobile accident that occurred in Broward County, Florida. Ware was driving an automobile owned by and registered to Bill Jax Scaffolding, Inc. Because Ware was driving with the express consent of the owner, he was protected by an insurance policy issued to Bill Jax Scaffolding, Inc., by the defendant, Safeco Insurance Company of America. This insurance agreement was negotiated, executed and delivered in New Jersey. Although disputed, the record further indicates that when the insurance was purchased, Safeco was on notice that the vehicle would be principally garaged in Florida.
Florida and New Jersey have different statutory provisions for uninsured motorist coverage.[1] Without detailing the specifics *908 of the varying provisions, suffice it to say that under Florida law Safeco would be liable for $90,000 whereas, under New Jersey law, Safeco would be liable only for $5,000. The trial court applied Florida law for reasons set forth in its final declaratory judgment:
D. The aforementioned insurance agreement was negotiated, executed and delivered in the State of New Jersey. However, notwithstanding the significance of locus of the contract urged by Defendant, SAFECO, the Court is of the opinion that Florida has a significant relationship to the insurance contract at issue so as to determine that this is not an appropriate case for the application of comity principles. The Court's opinion is based upon an evidentiary demonstration revealing that:
1. The covered vehicle was garaged and/or in constant use in Florida for at least six (6) months prior to the accident.
2. That the Defendant, SAFECO, had appropriate notice of the exposure to a Florida risk, at least since June of 1978 (the time of entering into the contract, and some six months prior to the accident).
3. The Plaintiff, LAWRENCE AARON WARE, was at all times material to the cause of action a resident of the State of Florida.
4. The accident occurred in Broward County, Florida.
5. The risk of the policy as to the vehicle concerned, was centered in Florida and only minimal contacts with New Jersey existed in terms of actual risk.
Since the above findings are supported by competent substantial evidence, we affirm on the authority of Gillen v. United Service Automobile Ass'n, 300 So.2d 3 (Fla. 1974) and Decker v. Great American Insurance Co., 392 So.2d 965 (Fla. 2d DCA 1980).
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Compare § 627.727, Fla. Stat. (1981), with N.J.S.A. § 39:6B-1 and N.J.S.A. § 39:6A-3. See also Gorton v. Reliance Insurance Co., 77 N.J. 563, 391 A.2d 1219 (1978).