472 So.2d 1312 (1985)
AETNA CASUALTY & SURETY COMPANY, Appellant,
v.
Melissa DIAMOND, Louis Diamond, Madeline Diamond and Travelers Insurance Company, a Foreign Corporation, Appellees.
No. 84-1572.
District Court of Appeal of Florida, Third District.
July 16, 1985.
*1313 Ress, Gomez, Rosenberg & Howland, North Miami, and Steven A. Edelstein, Miami, for appellant.
Horton, Perse & Ginsberg; Brumer, Cohen, Logan & Kandell; James O. Nelson; Steven R. Berger, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
BASKIN, Judge.
This is an appeal from a final judgment determining the respective liabilities of appellant Aetna Casualty & Surety Company [Aetna] and appellee Travelers Insurance Company [Travelers] for uninsured motorist benefits accruing to appellees Melissa Diamond and her parents as a result of Melissa Diamond's automobile collision with an uninsured motorist. Aetna challenges the propriety of the trial court's application of Florida law to ascertain the validity of the so-called "other insurance" provision contained in the Aetna policy issued in Maryland to Maryland residents. Finding that Maryland law governs the construction and interpretation of the Aetna policy, we reverse.
Melissa Diamond, a Maryland resident, was injured in Florida as a result of a motor vehicle accident caused by an uninsured motorist. During the accident, she was riding as a passenger in a vehicle registered in Florida, owned by Sol Dobrinsky and operated by Karen Dobrinsky, both Florida residents. Uninsured motorist coverage is provided to Melissa Diamond and her parents in the two separate insurance policies at issue here. First, the Dobrinskys have an insurance policy with Travelers issued to them in Florida covering the Florida vehicle involved in the accident. The Diamonds are entitled to uninsured motorist benefits under the Travelers policy in the amount of $100,000/300,000. The Travelers policy contains an "other insurance" clause:
An insured who is covered by other similar insurance may collect no more than the highest applicable limit of any one policy. Our share of the damages will be in proportion to our share of the total of the limits of all applicable policies. If, however, the insured suffers bodily injury while occupying a car you do not own to which similar insurance applies, this coverage applies as excess insurance, and then only in the amount by which it exceeds the applicable limits of liability of the other insurance.
Second, Melissa Diamond's parents, both Maryland residents, have an insurance policy with Aetna issued to them in Maryland covering vehicles licensed in Maryland. The Diamonds are entitled to uninsured motorist benefits under the Aetna family coverage policy in the amount of $60,000. The Aetna insurance policy also contains an "other insurance" provision:
With respect to bodily injury to an insured while occupying a highway vehicle not owned by the named insured, this insurance shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability as such other insurance.
Melissa Diamond and her parents made demand upon both Travelers and Aetna for payment of uninsured motorist benefits. The insurance companies stipulated to the amount of $85,000 in damages sustained by the Diamonds as a result of the automobile accident. However, unable to agree as to the duties and obligations under the terms *1314 of the respective insurance contracts, both Travelers and Aetna refused to pay any uninsured motorist benefits to the Diamonds. The Diamonds subsequently instituted this action, seeking a declaratory judgment concerning the respective liabilities of the two insurance companies. Applying Florida law, the trial court entered a final judgment finding Travelers and Aetna responsible for the $85,000 in stipulated damages on a pro-rata basis.
The trial court's determination was based upon the Florida public policy prohibiting "excess insurance" or "other insurance" provisions which limit an insurer's liability for payment of uninsured motorist benefits. Allstate Insurance Co. v. Dairyland Insurance Co., 271 So.2d 457 (Fla. 1972); Sellers v. United Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966). Pursuant to this public policy, the "other insurance" provisions in both insurance contracts were rendered invalid; the insurance companies were required to share the loss on a pro-rata basis. On appeal, Aetna contends that Maryland law should be applied to construe and interpret the provisions of its insurance policy issued in Maryland to Maryland residents, the Diamonds. Based upon Maryland law, Aetna argues, the "other insurance" clause in its insurance policy is valid and operates to relieve Aetna of liability for uninsured motorist benefits in this case. Yarmuth v. Government Employees Insurance Co., 286 Md. 256, 407 A.2d 315 (1979).
We agree with Aetna. Pursuant to the greater weight of authority in Florida, it is appropriate to apply foreign law to an insurance contract made in a foreign state and issued to foreign residents. H.S. Equities, Inc. v. Hartford Accident & Indemnity Co., 334 So.2d 573 (Fla. 1976); Allstate Insurance Co. v. Clendening, 289 So.2d 704 (Fla. 1974); New Jersey Manufacturers Insurance Co. v. Woodward, 456 So.2d 552 (Fla. 3d DCA 1984); Amica Mutual Insurance Co. v. Gifford, 434 So.2d 1015 (Fla. 5th DCA 1983); Wilson v. Insurance Co. of North America, 415 So.2d 754 (Fla. 3d DCA 1982); Eagle Star Insurance Co. v. Parker, 365 So.2d 780 (Fla. 4th DCA 1978); Allstate Insurance Co. v. Langston, 358 So.2d 1387 (Fla. 3d DCA 1978); Aetna Casualty & Surety Co. v. Enright, 258 So.2d 472 (Fla. 3d DCA 1972). The court may depart from this doctrine of comity only in cases involving the application of some paramount rule of Florida public policy. Gifford; Enright. The underlying reason for Florida's public policy prohibiting "other insurance" clauses is to protect Florida citizens from inequitable insurance arrangements by ensuring that every policy issued in Florida will operate to provide uninsured motorist protection. See Sellers; Dairyland. We see no reason to void a provision in an insurance policy issued in Maryland to Maryland citizens on the basis of a judicially created public policy aimed at protecting Florida citizens entering into insurance contracts governed by Florida law. Furthermore, since all of the individuals insured under the Aetna insurance policy reside in Maryland, this situation is unlike cases extending Florida public policy to insurance contracts issued in a foreign state to individuals who were Florida residents at the time of the incident giving rise to a claim for uninsured motorist benefits. Cf. Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla. 1974) (where Florida residents injured in Florida had insurance policy issued in New Hampshire, insured car was garaged in Florida, and risk of policy was centered in Florida, Florida public policy extended to invalidate "other insurance" clause in New Hampshire policy); Safeco Insurance Co. of America v. Ware, 424 So.2d 907 (Fla. 4th DCA 1982) (where Florida resident injured in Florida had insurance policy issued in New Jersey, insured car was garaged in Florida, risk of policy was centered in Florida and insurance company was notified of exposure to risk in Florida, Florida law governing uninsured motorist coverage was applicable to New Jersey policy). Here, Florida's only connection to the Aetna insurance policy was the mere happenstance of an automobile accident injuring a Maryland resident visiting Florida. Therefore, pursuant to Maryland law, the "other *1315 insurance" clause in the Aetna policy is valid and enforceable and relieves Aetna of liability for the payment of uninsured motorist benefits to the Diamonds.
We note that there is no dispute concerning the applicability of Florida law to the Travelers policy which was issued in Florida to Florida residents and which covered the Florida registered automobile involved in the accident. Based upon the law governing each of the insurance policies involved in this action, we find that because the uninsured motorist coverage afforded the Diamonds under the Aetna policy is excess over that provided under the Travelers policy, Travelers is obligated to pay the entire $85,000 in uninsured motorist benefits to the Diamonds.
Reversed and remanded for further proceedings consistent with this opinion.