488 So.2d 917 (1986)
CONTINENTAL INSURANCE COMPANY, Appellant,
v.
James R. HOWE, Sr., et al., Appellees.
No. 85-1376.
District Court of Appeal of Florida, Third District.
May 27, 1986.
*918 Robert E. Miertschin, Steven R. Berger, for appellant.
Horton, Perse & Ginsberg and Edward Perse, Gary Garbis, for appellees.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The plaintiffs, James and Theresa Howe, brought a declaratory action in Florida against their insurance companies, Valley Forge Insurance Co. [Valley Forge] and Continental Casualty Co. [Continental], seeking to establish that they had uninsured motorist coverage under their policies. The Howes, residents of Rhode Island, were injured in a car accident in Florida. The trial court ruled that coverage existed under both the Valley Forge primary policy and the Continental umbrella policy. Continental appeals, and, for the reasons which follow, we reverse.
The Continental policy at issue, a typical umbrella policy, provided coverage of $2,000,000 above the primary policy. Though Continental's policy did say that it did not provide uninsured motorist coverage, the Howes had not rejected the coverage in writing. The trial court found that, because Continental had not complied with Rhode Island law which requires uninsured motorist coverage to be rejected in writing, Continental was required to provide uninsured motorist coverage to the limits of its liability coverage, i.e., $2,000,000.
Because Florida is the forum state, we examine our conflicts law to determine which state's substantive law applies. Aetna Casualty & Surety Co. v. Diamond, 472 So.2d 1312 (Fla. 3d DCA 1985). In this case, because we are construing a Rhode Island insurance contract issued to Rhode Island residents, we apply Rhode Island law. Diamond, 472 So.2d at 1314; Aetna Casualty & Surety Co. v. Enright, 258 So.2d 472 (Fla. 3d DCA 1972).
The person driving the car which hit the Howes had liability insurance with limits of $10,000 per person/$20,000 per accident. Under Rhode Island law, a driver is required to have liability insurance of at least $25,000/50,000. If he has less than the minimum required, that driver is considered to be an uninsured motorist. Bibeault v. Hanover Insurance Co., 417 A.2d 313, 315 (R.I. 1980). Under Rhode Island law, therefore, the Howes were injured by an uninsured motorist. Thus, the Rhode Island statute requiring liability insurance policies to provide uninsured motorist coverage applies.[1] Rhode Island has not decided *919 the precise question asked here  whether an umbrella policy falls within the purview of the Rhode Island statute requiring "liability policies" to provide uninsured motorist coverage. Because Rhode Island has not decided this precise question, we must divine what the Supreme Court of Rhode Island would answer. Beck v. Pennsylvania National Mutual Casualty Insurance Co., 429 F.2d 813, 816 (5th Cir.), on petition for reh'g and petition for reh'g en banc, 432 F.2d 563 (5th Cir.1970) (regarding application for attorney's fees). We think that the court would hold that umbrella policies are not included within the scope of the statute.
The Supreme Court of Rhode Island has held that, when uninsured motorist coverage is not offered in a primary liability policy, coverage arises by operation of law; however, the uninsured motorist coverage exists only to the minimum required by statute. American Universal Insurance Co. v. Russell, 490 A.2d 60 (R.I. 1985). The court reached this decision based upon its plain reading of its statutes. Section 31-31-7 of the General Laws of Rhode Island requires that motorists maintain a minimum level of liability insurance of $25,000/50,000. Section 27-7-2.1 of the General Laws of Rhode Island requires that insurance companies which provide liability policies must also provide uninsured motorist coverage. The court reasoned that, because the legislature requires drivers to maintain only a minimum level of liability insurance, therefore, the legislature likewise intended that drivers maintain only a minimum level of uninsured motorist insurance. Russell, 490 A.2d at 62; Ziegelmayer v. Allstate Insurance Co., 121 R.I. 818, 403 A.2d 653, 655 (1979). This approach has also been followed by courts in Alabama, Illinois, and New York, and by a federal court construing Delaware law. Those states all have similar statutes. All four courts have decided the precise question involved here and have held that such a statute does not apply to umbrella policies.[2] The rationale for opting umbrella policies out of uninsured motorist coverage is that the statute is intended to protect injured motorists by insuring that they will be able to recover an amount equivalent to what would have been available if they had been injured by a driver who maintained the minimum statutory coverage. The injured motorist is already protected by, and will be able to recover the minimum statutory limits from, the primary policy. An umbrella policy is supplementary insurance. Public policy is not furthered by requiring an umbrella policy insurer to provide uninsured motorist coverage. O'Hanlon v. Hartford Accident & Indemnity Co., 639 F.2d 1019, 1026-27 (3d Cir.1981); Matarasso v. Continental Casualty Co., 82 A.D.2d 861, 440 N.Y.S.2d 40 (1981), aff'd, 56 N.Y.2d 264, 451 N.Y.S.2d 703, 436 N.E.2d 1305 (1982).[3]
Three states, Florida, Ohio, and Louisiana, have construed their statutes to include umbrella policies. However, these states have a different type of statute. Section 627.727(2), Florida Statutes (1985), *920 requires a liability insurer to provide uninsured motorist coverage in "not less than the limits of bodily injury liability insurance." The policy underlying the statute is to allow full recovery under the terms of any applicable policies when a person is injured by an uninsured motorist. Florida courts had construed the statute to include umbrella policies. See Chicago Insurance Co. v. Dominguez, 420 So.2d 882 (Fla. 2d DCA 1982), rev. denied, 430 So.2d 450 (Fla. 1983); Cohen v. American Home Assurance Co., 367 So.2d 677 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla. 1979). Effective 1984, however, the Florida legislature amended the statute to provide that umbrella policies are not included in the statute. Ch. 84-41, § 1, Laws of Fla.[4]
Louisiana also has a statute requiring uninsured motorist coverage equivalent to the amount of liability insurance, and the Supreme Court of Louisiana has held that umbrella policies fall within the Louisiana statute. Southern American Insurance Co. v. Dobson, 441 So.2d 1185 (La. 1983); La. Rev. Stat. Ann. § 22:1406(D)(1)(a). The court recognized that its own decision and the Florida decisions were based on the difference in the statutes, i.e., that while other states have statutes designed to provide a minimum level of recovery, the statutes of Florida and Louisiana are designed to provide full recovery. The court noted that, if Louisiana's statute were similar to the statutes of Alabama, Delaware, Illinois, and New York, then it too would conclude that umbrella policies did not fall within the statute.[5]
Ohio has a statute which is similar to those of Florida and Louisiana. In Cincinnati Insurance Co. v. Siemens, 16 Ohio App.3d 129, 474 N.E.2d 655 (1984), an Ohio appellate court concurred in the then-prevailing Florida view that an umbrella policy issuer was required to provide uninsured motorist coverage.
Because Rhode Island's statutory policy is the same as that found in those states which require only the minimum coverage, we think that Rhode Island's supreme court would also hold that an insurer who issues an umbrella policy is not required to provide uninsured motorist coverage. Rhode Island's legislative purpose of ensuring that an injured motorist can recover up to the minimum limits required by statute is satisfied by the underlying primary liability insurance.
Reversed and remanded.
NOTES
[1] The Rhode Island statute is similar to other states' statutes and provides:

27-7-2.1. Uninsured motorist coverage.  No policy insuring against loss resulting from liability imposed by law for property damage caused by collision, bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for property damage caused by collision, bodily injury or death set forth in § 31-31-7... .
Section 31-31-7 requires that insurance of $25,000/50,000 be maintained.
[2] O'Hanlon v. Hartford Accident & Indem. Co., 639 F.2d 1019 (3d Cir.1981); Trinity Universal Ins. Co. v. Metzger, 360 So.2d 960 (Ala. 1978); Hartbarger v. Country Mut. Ins. Co., 107 Ill. App.3d 391, 63 Ill.Dec. 42, 437 N.E.2d 691 (1982); Matarasso v. Continental Casualty Co., 82 A.D.2d 861, 440 N.Y.S.2d 40 (1981), aff'd, 56 N.Y.2d 264, 451 N.Y.S.2d 703, 436 N.E.2d 1305 (1982).
[3] The view that an umbrella policy should not be interpreted to provide uninsured motorist coverage is supported by Appleman, who asserts that states which adhere to the converse view are misunderstanding the nature of umbrella coverage. 8C J.A. Appleman & J. Appleman, Insurance Law and Practice § 5071.65 (1981) [hereinafter Appleman]. An umbrella policy is fundamentally different from a primary liability policy. Its purpose is to guard against a much less frequent catastrophic loss, and the lower premium reflects the lesser risk. Metzger, 360 So.2d at 962; Hartbarger, 437 N.E.2d at 694; 8C Appleman § 5071.65.
[4] While Florida's view of the situation may be instructive here, the statute specifically states that it applies only to those policies "delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state." § 627.727(1), Fla. Stat. (1985); New Jersey Mfrs. Ins. Co. v. Woodward, 456 So.2d 552 (Fla. 3d DCA 1984). The Continental policy was delivered in Rhode Island and the car was registered and garaged in that state.
[5] Georgia appears to have a public policy similar to Louisiana's. See St. Paul Fire & Marine Ins. Co. v. Goza, 137 Ga. App. 581, 224 S.E.2d 429 (1976) (on different issue, court determined that umbrella policies fall within the uninsured motorist statute).