MILLS, Judge.
Reliable Life Insurance Company (Reliable Life) appeals from a final summary judgment. The issue raised on appeal is whether the trial court erred in granting summary judgment in favor of Trimble considering the military exclusion clause contained in the life insurance policy issued by Reliable Life and the fact that Trimble’s husband was an active serviceman in the United States Navy at the time of this death. We affirm.
On 14 February 1984, Diane Trimble filed a complaint against Reliable Life in which she alleged that she had purchased an accidental death insurance policy from the insurance company through the National Notary Association. She further alleged that her husband, Robert Trimble, was an insured under the policy at the time of his death from an automobile accident on 9 April 1982, and she had been denied life insurance benefits under the certificate of insurance issued by Reliable Life.
Reliable Life answered the complaint by denying any entitlement to benefits, specifically contending Robert Trimble was excluded from coverage pursuant to Item IV of the insurance policy because of his status as an active serviceman in the U.S. Navy at the time of his death. Section IV of the insurance policy, entitled “Exclusions,” provides, inter alia:
This policy does not cover an Insured Person for any loss caused by, contributed to or resulting from:
(4) injury sustained while in any of the armed forces (land, water or air) of any country or international authority; ...
Both parties moved for summary judgment. Thereafter, on 24 February 1986, Judge William Rowley entered summary judgment in favor of Trimble. This timely appeal followed.
By the filing of their motions for summary judgment, the parties in this action have agreed there are no genuine issues of material fact and this case involves, as a matter of law, the construction and application of the military exclusion clause in the policy issued by Reliable Life. Therefore, this case turns on the question of whether coverage for the death of Trimble’s husband is excluded under the policy based on the husband’s status as an active member of the U.S. Navy or whether the benefits and coverage can be excluded under the provisions of the policy only if the husband’s death occurred as a result of his military activities. The policy of insurance in this action was issued and delivered in California. Hence, the construction and legal effect of the terms of the policy and the rights and obligations of the parties thereto must be determined by the law of California. Allstate Insurance Co. v. Langston, 358 So.2d 1387, 1390 (Fla. 3d DCA 1978); Wilson v. Insurance Company of North America, 415 So.2d 754, 755 (Fla. 3d DCA 1982).
Coit v. Jefferson Standard Life Insurance Co., 28 Cal.2d 1, 168 P.2d 163 (1946), is the leading California decision which addresses the issue of whether an insurer’s exemption under a military clause is based on “status” or is based on “the cause of death.” Coit held the wording of the policy itself is determinative on this issue. Additionally, after a review of the applicable law, the court stated:
From the foregoing discussion it will be seen that the cases on this subject may be grouped about as follows: (1) those holding that language such as ‘death in consequence of’ or ‘death resulting from’ military service means that death from natural causes while in the service is not within the exemption; (2) those holding that death ‘while engaged in’ the service has the same meaning (as group 1); (3) those holding that death ‘while engaged in’ the service means no more than while enlisted in, or enrolled in the armed forces, hence such death, even from nat *1305 ural causes, is within the exemption, and (4) those cases where the war risk clause contains no such language as is found in (1), (2) or (3) but simply states the condition, namely, military, or naval service.
We find persuasive Trimble’s argument that the introductory words in the instant policy of “caused by,” “contributed to,” or “resulting from” place this case in the first category outlined in Coit, signifying a “result” military exclusion clause.
Accordingly, we uphold the summary judgment entered by the trial court in Trimble’s favor, finding the clause in question is “result” related, limiting the liability of the insurer only if the death of the individual insured was causally related to his or her military service. In so finding, we adhere to the well settled rule that in construing an insurance contract which by reason of ambiguities is capable of two reasonable interpretations, any ambiguity shall be construed most strongly against the insurer, who is presumed to have drawn the policy and caused the uncertainty to exist. Coit, supra, 168 P.2d at 169.
Affirmed.
SHIVERS, J., concurs.
JOANOS, J., dissents without written opinion.