585 So.2d 1137 (1991)
Edward J. BLOCH, Appellant,
v.
BERKSHIRE INSURANCE COMPANY, Appellee.
No. 91-859.
District Court of Appeal of Florida, Third District.
September 17, 1991.
Michael P. Gable, Hollywood, for appellant.
Steel Hector & Davis and Gregory N. Anderson and Robert Harris, Miami, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Edward J. Bloch appeals a summary final judgment for the defendant insurer, Berkshire Life Insurance Company, in an action to reinstate an insurance policy. We reverse.
As to the choice of law issue, we agree with the trial court that this insurance contract, which was delivered to Bloch in New York where he then resided, was regulated by New York, rather than Florida, law. See Reliable Life Insurance Co. v. Trimble, 502 So.2d 1303, 1304 (Fla. 1st DCA 1987); Continental Insurance Co. v. Howe, 488 So.2d 917, 918 (Fla. 3d DCA), review denied, 494 So.2d 1151 (Fla. 1986); see also Sturiano v. Brooks, 523 So.2d 1126, 1129-30 (Fla. 1988).
On the merits, however, we reverse. Bloch was the insured under a life insurance policy issued by appellee Berkshire Life Insurance Company in 1977. The annual premium was approximately $7,000. The policy provided for waiver of premiums during total disability.
On November 1, 1987, Bloch was in a traffic accident. Surgery was attempted for his injuries, but yielded little improvement. Bloch is disabled within the meaning of the policy.
*1138 During December, 1987, Bloch canceled the insurance policy. After he learned, in the summer of 1988, that the insurance policy had a waiver of premiums provision, Bloch sued for reinstatement of the policy. The trial court entered summary judgment, accepting the insurance company's argument that Bloch could have or should have learned of the waiver of premium provision by reading the policy.
It is, of course, axiomatic that the movant for summary judgment bears the burden of showing the nonexistence of any disputed issue of material fact, and that the movant is entitled to summary judgment as a matter of law. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla. 1977); Fla.R.Civ.P. 1.510(c). We must, therefore, read the record in the light most favorable to the plaintiff, Bloch, and must construe the facts according to the rules of decision of New York.
Construing the record in that light, the summary judgment should not have been entered. Under New York law, "it is well settled that a court of equity will relieve by ordering the cancellation or rescission of an agreement upon the ground of a mistake of fact material to one party alone where there is no prejudice to the other contracting party by reason of a change of position... ." Seidman v. New York Life Insurance Co., 162 Misc. 560, 561-62, 296 N.Y.S. 55, 56 (N.Y. Sup. Ct.), aff'd, 253 A.D. 804, 2 N.Y.S.2d 634 (N.Y. App. Div. 1937), aff'd, 279 N.Y. 620, 17 N.E.2d 680 (N.Y. 1938); accord Broadway-111th Street Associates v. Morris, 160 A.D.2d 182, 184-85, 553 N.Y.S.2d 153, 155 (N.Y. App. Div. 1990); American Motorists Insurance Co. v. Reich, 237 N.Y.S.2d 369, 371 (N.Y. Sup. Ct. 1963).
Seidman is factually very close to the present case. There, the court said, "[i]t is clear from the evidence that the plaintiff was totally disabled within the terms of the policy at the time the application to reduce was made and acted upon, and that he was mistaken both as to the extent of his disability and as to the precise coverage of the policy." 162 Misc. 560, 561, 296 N.Y.S. at 56. The policy in that case had been held by the insured for approximately eight years prior to the disabling event. In that case the insured, after the disabling event, requested a reduction of the disability provision (with a resultant reduction in premium), at a time when the insured was entitled to have the premiums waived entirely. The court held that "[t]he parties may be restored to the status quo ante without prejudice to the insurer. The defendant [insurer] is merely divested of an advantage which in good conscience and law it is not entitled to retain." 162 Misc. 560, 562, 296 N.Y.S. at 57.
Construing the facts of the present case in the light most favorable to Bloch, he suffered a disabling accident on November 1, 1987. He initially expected his condition to improve and had surgery in December, 1987. At some point around the time of the scheduled surgery, he submitted the notice of cancellation to the insurer. The insurer paid him the cash surrender value of the life insurance policy.[1] The anticipated benefits of the surgery never materialized, and it is undisputed that Bloch is disabled within the definition of the policy. These circumstances are parallel to those in the Seidman case.
The insurer contends that under New York law, Bloch was required to read and note the contents of his insurance policy. See Metzger v. Aetna Insurance Co., 227 N.Y. 411, 415-17, 125 N.E. 814, 816 (N.Y. 1920). Not only is that case clearly distinguishable,[2] it is also clear that the New York courts have recognized an exception for an insured's mistake of the type presented here.
The logic of the New York position appears clear. Part of the policy premium was an amount attributable to the waiver *1139 of premium provision.[3] In Seidman, and in the present case, the premiums were paid for a period of years. When the disabling accident occurred, that triggered an entitlement to the waiver of premium benefit under the policy. The fact that there was a misapprehension by the insured about the extent of the disability and the premium waiver provision will not oust the insured of benefits. Instead, equity will grant relief, thereby restoring to the insured a benefit he had already paid for, while preventing unjust enrichment of the insurance company. See 162 Misc. 560, 562, 296 N.Y.S. at 57.
On the record here presented, the insurer's motion for summary judgment should have been denied. We therefore reverse the summary final judgment and remand for further proceedings consistent herewith.
NOTES
[1] Bloch agrees that as a condition of reinstatement of the insurance policy, he must repay to the insurer the value received by him, with interest.
[2] In Metzger the insured had a mistaken belief that he had purchased coverage he had not in fact purchased. Here, the insured had purchased the relevant coverage and was entitled to the benefit of the coverage already paid for.
[3] In the present case there was a specified amount attributable to the waiver of premium provision.