WEBSTER, Judge.
Appellant (Nationwide) seeks review of a final judgment which apportioned uninsured motorist coverage between it and appellee (USAA) on a pro-rata basis. It argues that, because its coverage was excess and the amount awarded to its insured was less than the limit of USAA’s coverage, USAA should have been ordered to pay the entire amount. We agree and, accordingly, reverse.
The relevant facts are not disputed. Deborah George was injured while a passenger in a vehicle owned and operated by Robert *1120 Brooks when that vehicle was- struck by a second vehicle. A third vehicle on which there was no insurance'was also involved. In a jury trial, the owner and driver of the second vehicle and the uninsured motorist were all found to have been at fault. The amount of Ms. George’s damages for which the uninsured motorist was found to be responsible was $45,000.00.
USAA was Mr. Brooks’ insurer. Its policy had an uninsured motorist coverage limit of $50,000.00. Nationwide was Ms. George’s insurer. Its policy had an uninsured motorist coverage limit of $25,000.00. Prior to the jury’s verdict, USAA had filed a motion for partial summary judgment in which it argued that the “other insurance” clauses in its policy and in that of Nationwide were “repugnant and inconsistent” and that, as a result, the policies must be treated as applying to Ms. George’s uninsured motorist claim on a pro-rata basis. The trial court granted USAA’s motion, notwithstanding Nationwide’s argument that, pursuant to applicable statutory law and the language of its policy, its policy was excess over the coverage limit afforded by the USAA policy and, as a result, USAA should be responsible for the entire $45,000.00 award. This appeal follows.
Uninsured motorist insurance coverage is addressed in section 627.727, Florida Statutes. In 1987, the legislature added a subsection (9) to that section. Ch. 87-213, at 1341, Laws of Fla. To the extent relevant, subsection (9) reads:
(9) Insurers may offer policies of uninsured motorist coverage containing policy provisions, in language approved by the department, establishing that if the insured accepts this offer:
(a) The coverage provided as to two or more motor vehicles shall not be added together to determine the limit of insurance coverage available to an injured person for any one accident, except as provided in paragraph (e).
(b) If at the time of the accident the injured person is occupying a motor vehicle, the uninsured motorist coverage available to him is the coverage available as to that motor vehicle.
(c) If the injured person is occupying a motor vehicle which is not owned by him or by a family member residing with him, he is entitled to the highest limits of uninsured motorist coverage afforded for any one vehicle as to which he is a named insured or insured family member. Such coverage shall be excess over the coverage on the vehicle he is occupying.
(d) The uninsured motorist coverage provided by the policy does not apply to the named insured or family members residing in his household who are injured while occupying any vehicle owned by such insureds for which uninsured motorist coverage was not purchased.
(e) If, at the time of the accident the injured person is not occupying a motor vehicle, he is entitled to select any one limit of uninsured motorist coverage for any one vehicle afforded by a policy under which he is insured as a named insured or as an insured resident of the named insured’s household.
§ 627.727(9), Fla. Stat. (1995). Thus, section 627.727(9) permits insurers to offer uninsured motorist coverage which provides that (1) as a general matter, it cannot be “stacked”; (2) if the person is injured while occupying a vehicle, the uninsured motorist coverage available is that applicable to the vehicle; (3) if the person is injured while occupying a vehicle which is not owned by either the person or an insured family member, the person may “stack” the highest limit of uninsured motorist coverage provided for any one vehicle as to which the person is either the named insured or an insured family member on top of that applicable to the vehicle occupied (i.e.-, the highest limit of uninsured motorist coverage provided for any vehicle as to which the person is either the named insured or an insured family member will be excess over the uninsured motorist coverage applicable to the vehicle); and (4) if the person was not occupying a vehicle when injured, the person is entitled to select any one limit of uninsured motorist coverage applicable to any one vehicle as to which the person is either the named insured or an insured resident of the named insured’s household. That is precisely what the unin *1121 sured motorist portion of the Nationwide policy provides.
The controlling endorsement to the Nationwide policy provides for non-stacked uninsured motorist coverage. The “other insurance” clause of that coverage reads:
OTHER INSURANCE
1. For any Uninsured Motorists coverage loss while you [i.e., the named insured, Ms. George or her spouse if living in the same household] or a relative [defined as “a person who regularly resides in your household and is related to you by blood, marriage or adoption (including a ward or foster child)”] are occupying a motor vehicle not owned by you or a relative, any coverage payable under this policy will be excess over any available coverage on the occupied vehicle.
2. For any Uninsured Motorists coverage loss involving injury to you or a relative while:
a) a pedestrian; or
b) occupying a motor vehicle not owned by you or a relative;
such insured may select one limit of coverage to apply to the loss, from any policy under which he or she is covered as a named insured or insured household member. If such insured selects limits from another policy to apply, coverage under this policy will not be payable.
3. Except as stated above, if there is other collectible Uninsured Motorists coverage, we will be liable for only our share of the loss. Our share is our proportion of the total insurance limits for the loss.
The uninsured motorist coverage portion of the USAA policy also includes an “other insurance” clause. It reads:
OTHER INSURANCE
If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you [i.e., the named insured, Mr. Brooks, or his spouse if a resident of the same household] do not own shall be excess over any other collectible insurance.
USAA argues that this “other insurance” clause is inconsistent and irreconcilable with that contained in the Nationwide policy. Therefore, it contends that both insurers should be liable for Ms. George’s damages on a pro-rata basis. We are unable to agree.
It is clear from the language of the USAA “other insurance” clause that the uninsured motorist coverage provided by that policy is intended to be primary in a situation such as that presented by the facts of this case, when a person is injured while occupying a vehicle owned by the named insured. However, if there “is other applicable similar insurance” available, USAA will be responsible only for its pro-rata share of the loss. It is equally clear from the “other insurance” clause included in the uninsured motorist portion of the Nationwide policy that such coverage is intended to be excess over the limit of coverage applicable to the vehicle the person was occupying when injured if the person is the named insured or a relative and the vehicle was not owned by either the named insured or a relative. Section 627.727(9), Florida Statutes (1995), authorizes policies to be written with such provisions. Because Nationwide’s coverage was excess over that afforded by USAA, Nationwide’s coverage was not “other applicable similar insurance” for purposes of the USAA policy. Therefore, USAA was obliged to pay the limit of its coverage ($50,000.00) before Nationwide’s coverage became available. USAA points out that such a result is at odds with that reached in prior cases. E.g., Aetna Cas. & Sur. Co. v. Diamond, 472 So.2d 1312, 1314 (Fla. 3d DCA 1985) (referring in dicta to “Florida public policy prohibiting ‘excess insurance’ or ‘other insurance’ provisions which limit an insurer’s liability for payment of uninsured motorist benefits”). All of the cases cited by USAA involve statutory provisions which predate the 1987 amendment adding subsection (9) to section 627.727. Accordingly, they are inap-posite. Our research has failed to find any reported decision addressing this issue since the adoption of subsection (9).
The amount of Ms. George’s damages attributable to the uninsured motorist was *1122 $45,000.00. The amount of coverage afforded by the USAA policy was $50,000.00. Therefore, USAA should haye been responsible for the entire award. Because the trial court prorated responsibility for payment between USAA and Nationwide, we reverse and remand. On remand, the trial court is directed to enter an amended final judgment holding USAA responsible for payment of the entire amount ($45,000.00) awarded to Ms. George as attributable to . the uninsured motorist.
REVERSED and REMANDED, with directions.
ERVIN and LAWRENCE, JJ., concur.